**James R. BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44897.**

Court of Criminal Appeals of Texas.

March 1, 1972.

Rehearing Denied April 26, 1972.

Jack Paul Leon, San Antonio, for appellant.

Ted Butler, Dist. Atty., and Arthur Estefan, Asst. Dist. Atty., San Antonio, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery by assault with firearms; a jury having been waived after the State abandoned the death penalty, the punishment was assessed by the court at ten (10) years. Appellant's application for probation was denied.

Appellant's first ground of error is that the court did not fully advise him of the consequences of his plea of guilty. He contends the court should have specifically warned him that he might not receive probation. There is nothing in the record to indicate that appellant was led to believe that he would receive probation upon the entry of a plea of guilty. The court has no duty to admonish a defendant that he might not receive probation. Vasquez v. State, Tex.Cr.App., 477 S.W.2d 629; Gonzales v. State, Tex.Cr.App., 456 S.W.2d

137. Further, the court did admonish him, in part, as follows:

"THE COURT: Now, Mr. Brown, I advise you that the charge of robbery by assault with firearms of which you are indicted carries a punishment of any number of years in the Texas Department of Corrections, not less than five, that's the possible punishment you can receive in this case, do you understand that?

"MR. BROWN: Yes, sir."

\*      \*      \*      \*      \*      \*

"THE COURT: You are not doing this [pleading guilty] because anyone promised you anything?

"MR. BROWN: No, sir."

The record reflects that the appellant pled guilty knowingly and voluntarily and not as a result of any promise.

Appellant's second ground of error is that the court considered hearsay statements in deciding to deny probation and that the court erred in denying probation. Appellant contends he should have been permitted to examine the probation report so that he could protect himself from "hearsay accusations and other accusations which may have influenced the court in denying him probation."

 The question of whether the accused is entitled to probation, where the court assesses punishment, rests absolutely with the trial court and such decision is not appealable. Trautschold v. State, Tex. Cr.App., 466 S.W.2d 586; Martin v. State, Tex.Cr.App., 452 S.W.2d 481, and the cases cited therein.

Article 42.12, Sec. 4, Vernon's Ann. C.C.P., provides:

"When directed by the court, a probation officer shall fully investigate and report *to the court* in writing the circumstances of the offense, criminal record, social history and present condition of the defendant." (Emphasis supplied)

The trial court should use the probation officer's report and take all of the pertinent information into consideration to determine if the person convicted should be granted probation. McNeese v. State, Tex. Cr.App., 468 S.W.2d 801. To suggest that the judge should not use the information in the probation report because it contains "hearsay statements" is to deny the obvious purpose of the statute.

Finding no reversible error, the judgment is affirmed.