Affirmed and Opinion filed June 27, 2002









Affirmed and Opinion filed June 27, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00925-CR

____________

 

DANIEL
PIERCE, Appellant

 

V.

 

THE
STATE OF TEXAS, Appellee

 



 

On
Appeal from the 278th District Court

Walker
County, Texas

Trial
Court Cause No. 20,224C

 

 



 

O
P I N I O N

Appealing
his punishment of ten years= confinement in the state penitentiary for aggravated sexual
assault, appellant Daniel Pierce contends in a single point of error  that the trial
court reversibly erred during the punishment phase of trial by considering
inadmissible hearsay in a presentence investigation
report. We affirm.








I.  Factual
And Procedural Background

In
August 1999, appellant was charged by indictment with the felony offense of
aggravated sexual assault alleged to have been committed in June 1994.  In April 2001, appellant waived his right to
trial by a jury and entered a plea of guilty to the offense as alleged in the
indictment.  There was no agreement
between appellant and the State as to punishment.  The trial court requested the preparation of
a presentence investigation (APSI@) report before sentencing.

In
June 2001, the trial court conducted a punishment hearing.  Before the hearing, appellant=s trial counsel indicated that some
portions of the PSI report were objectionable. 
At the hearing, the trial court sustained all but one of appellant=s objections.  The one objection the trial court overruled  dealt with
alleged hearsay statements contained in the Astate=s version@ of the PSI report.  Specifically, appellant complained of the
following statements:

On September 8,
1998, Detective Petty spoke with the victim who provided her memory of the
events. [B.H., the victim] advised that Pierce [appellant] made her perform
oral sex on him and tried to AFrench kiss@
her.  This occurred when she was eight or
nine years old.  Another incident
occurred in a tent which was set up in the back yard.  The victim said that Pierce put his finger in
her vagina.  She reported that the
defendant tried to insert his penis in her but [sic] she cried because it hurt
and he would stop.  [B.H.] recalled
another incident in which she was lying with Pierce on his bed.  He asked her what a condom was and she said
she did not know.  The defendant asked if
she wanted to know and she told him she did. 
Pierce told her they would have to use it and she told him Anever mind.@  He then showed [B.H.] a picture of her mother
performing oral sex on the defendant. 
Elizabeth said that the defendant told her it was Atheir little secret@ and Aif you treat me good, I=ll treat
you good.@  In addition,
he would give her small amounts of money.

The victim said the
last time she could recall any abuse was when she was 11 or 12 years old.  She said the defendant stopped molesting her
because she was old enough to fight back. 








The victim=s description of the events, as set
forth above, was taken from Walker County Detective Peggy Petty during an
interview and later incorporated in the PSI report.  During his testimony, appellant described the
circumstances surrounding the above instances in a similar manner.  

II. 
Issue Presented on Appeal

Appellant
contends the trial court erred in overruling his hearsay objection to the
forgoing statements in the PSI report and in considering this evidence in
assessing his punishment.

III.  Analysis








A
trial court assessing punishment may consider hearsay statements contained in a
PSI report.  Brown v. State, 478
S.W.2d 550 (Tex. Crim. App. 1972); see also, Clay
v. State, 518 S.W.2d 550, 555 (Tex. Crim. App.
1975).  Several courts of appeals,
including this court, have relied on this rule in holding hearsay is admissible
in cases decided after the effective date of the Texas Rules of Criminal
Evidence.  See Stancliff
v. State, 852 S.W.2d 639, 641 (Tex. App.CHouston [14th Dist.] 1993, pet. ref=d), overruled on other grounds by
Whitelaw v. State, 29 S.W.3d 129 (Tex. Crim. App.
2000) (holding that a defendant=s allegation that information contained in the report is
factually inaccurate does not render the report inadmissible); Garcia v.
State, 930 S.W.2d 621, 623B24 (Tex. App.CTyler 1996, no pet.) (holding that Article 42.12, Sec. 9
specifies the criminal and social history of the defendant shall be included in
the report, and reasoned that the accused may challenge the factual accuracy of
its contents); Nicolopulos v. State,
838 S.W.2d 327, 328 (Tex. App.CTexarkana 1992, no pet.) (noting
that the trial court is specifically authorized by statute to consider the presentence investigation report, including hearsay
regarding extraneous offenses).  Although
appellant acknowledges these holdings and the rule in Brown, he
maintains that hearsay in the PSI report is inadmissible under the Texas Rules
of Evidence, and that the Brown rule should not apply because it
predates the 1993 amendment to article 42.12, section 9 of the Texas Code of
Criminal Procedure, which changed the rule to make PSI reports mandatory during
sentencing.  We disagree with appellant. 

The
Texas Code of Criminal Procedure provides that when assessing  punishment, the trial court shall
direct a supervision officer to report to the court in writing on the
circumstances of the offense with which the defendant is charged, the amount of
restitution necessary to adequately compensate a victim of the offense, the
criminal‑social history of the defendant and any other information
relating to the defendant or the offense requested by the court.  Tex. Code Crim. Proc. Ann. art. 42.12 ' 9(a) (Vernon Supp. 2002).  The statute expressly provides that the PSI
report should contain the criminal‑social history of the defendant. 

In
Brown, the Texas Court of Criminal Appeals, relying on what was then
Article 42.12, Sec. 4 of the Texas Code of Criminal Procedure, made it clear
that PSI reports may contain hearsay.  478 S.W.2d at 551. 
Recently, but after appellant submitted his appellate brief to this
court, the Texas Court of Criminal Appeals reaffirmed its holding in Brown,
stating that the PSI statute authorizes the trial court to consider information
in the PSI report that was hearsay and to hold otherwise would Adeny the obvious purpose of the
statute.@ 
Fryer v. State, 68 S.W.3d 628, 630 (Tex. Crim.
App. 2002) (holding a victim=s recommendation in a PSI report could be considered by the
trial court during the punishment phase); see also Holland v. State, 761
S.W.2d 307, 318B19 (Tex. Crim. App. 1988); Perez
v. State, 478 S.W.2d 550, 551 (Tex. Crim. App.
1972); Williams v. State, 958 S.W.2d 844, 845B46 (Tex. App.CHouston [14th Dist.] 1997, pet. ref=d) (holding that extraneous offenses
presented to the court in the form of hearsay in a PSI report does not preclude
their consideration by the trial court); Holman v. State, 697 S.W.2d
824, 826 (Tex. App.CHouston [1st Dist.] 1985, no pet.).  








The
presentence investigation and the PSI report may be
utilized to assist the trial court in the exercise of its discretion whenever
an issue of the proper punishment is present. 
Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim.
App. 1984); see also Nicolopulos, 838 S.W.2d
at 328 (holding that the trial court is specifically authorized by statute to
consider the contents of the presentence investigation
report).  The Texas Code of Criminal
Procedure=s express statutory provision for PSI
reports governs over the Texas Rules of Evidence.  Fryer, 68 S.W.3d at 630; DuBose v. State, 977 S.W.2d 877, 881 (Tex.
App.CBeaumont 1998, no pet.); Tex.
R. Evid. 101(c).

The
law clearly states that the trial court shall direct the supervision officer to
report to the court in writing the circumstances of the offense.  That is precisely what happened here.  The supervising officer provided the trial
court with a summary of the circumstances of the offense, both in the defendant=s version and in the state=s version.  The victim in this case is the appellant=s stepdaughter.  Appellant testified at the punishment hearing
as to the circumstances surrounding the abuse in detail and admitted that the
abuse occurred on ten to twenty different occasions.  Appellant=s version of the events is similar to
the victim=s statements contained in the PSI
report.  The fact that the victim=s statements were contained in the
PSI report, but that she did not testify at the punishment hearing does not
render the statements irrelevant or inadmissible.  Article 37.07, section 3(a) of the Texas Code
of Criminal Procedure provides that evidence as to any matter may be offered
during the punishment phase of a trial if the trial court deems it relevant to
sentencing.  Tex. Code Crim. Proc.
Ann. art. 37.07 ' 3(a) (Vernon 1994).  Appellant pled guilty to an offense for which
the range of punishment is five years to ninety‑nine years or life in
prison.  See Tex. Pen. Code Ann. ' 12.42 (Vernon 1994); Tex. Pen. Code Ann. ' 22.021 (Vernon 1994).  There is no indication that the trial court
considered any improper evidence in arriving at appellant=s ten-year sentence.  The trial court did not err when it admitted
those portions of the PSI report containing hearsay because they were relevant
to punishment.  Accordingly, we overrule
appellant=s sole point of error.








Having
found no merit in appellant=s arguments, we affirm the trial court=s judgment. 

 



 

/s/        Kem Thompson
Frost

Justice

 

Judgment
rendered and Opinion filed June 27, 2002.

Panel
consists of Chief Justice Brister and Justices Anderson and Frost.

Do
Not Publish C Tex. R. App. P. 47.3(b).