COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO.
2-01-305-CR
 
ROBBY GENE WILSON a/k/a   
                                                             APPELLANT
BOBBY GENE WILSON
V.
THE STATE OF TEXAS   
                                                                          
STATE
------------
FROM THE 396
TH DISTRICT COURT OF
TARRANT COUNTY
------------
OPINION
------------
I. Introduction
Appellant Robby Gene Wilson a/k/a Bobby
Gene Wilson brings one point on appeal, contending that the trial court erred in
considering allegations of bad acts contained in the presentence investigation
report (PSI) when those allegations were not proven beyond a reasonable doubt.
Because we hold that the trial court committed no reversible error, we affirm.
II. Facts
Appellant entered a plea of guilty to the
offense of aggravated sexual assault of a child under fourteen years of age. In
return for his plea of guilty, the State waived two additional counts. There was
no punishment agreement. The trial court accepted Appellant's plea, deferred a
finding of guilt, and ordered a PSI pursuant to article 42.12 of the Texas Code
of Criminal Procedure.(1)
Before sentencing, Appellant filed a
motion to supplement the PSI and to make objections to it. The requested
supplementation included results of a sex offender evaluation performed by a
psychiatrist. The trial court accepted the supplement. Appellant objected to the
PSI on the ground that it mentioned a CPS record that pointed to Appellant as a
possible perpetrator of sexual abuse against the complainant in August 1993,
over four years before the offense in the case before us, even though CPS later
determined that the complainant's stepgrandfather had committed that offense. He
also objected that the PSI contained references to violence, to his marriage to
the complainant's mother, and to confidential communications between Appellant
and defense counsel. The trial court noted Appellant's objections to the PSI on
the record at the punishment hearing but made no explicit ruling on them. No
additional evidence was presented by either Appellant or the State.
The trial judge stated that the PSI
troubled him in two respects: 1) the length of the abuse, and 2) Appellant's
behavior with the complainant and some of her friends that the PSI confirmed or
corroborated. The child had stated in her outcry that the abuse began soon after
her stepgrandfather assaulted her. The conduct included strip-poker games and
smoking marijuana in the presence of the youngsters. While Appellant had
objected to various portions of the PSI, Appellant lodged no objections to
statements in the PSI about how long he had been sexually abusing the
complainant or about his conduct around the complainant and her friends. The
trial judge, after expressing his concerns about the PSI, sentenced Appellant to
twenty years' confinement in the Institutional Division of the Texas Department
of Criminal Justice.
III. The PSI
Appellant brings a single point on appeal,
arguing that the trial court erred in considering allegations of bad acts
contained in the PSI when those acts were not proven beyond a reasonable doubt.
Appellant argues in two subpoints that: (1) whether the trial judge must find
beyond a reasonable doubt that the extraneous crimes and bad acts reported in a
PSI were committed by the defendant before the judge can consider those crimes
and bad acts in the determination of proper punishment is unsettled; and (2)
although the trial court did not explicitly say it was basing Appellant's
punishment on the alleged bad acts, there is a strong inference that the court
did consider those alleged bad acts when assessing punishment.
This case highlights serious flaws in the
PSI scheme. Article 42.12, section 9(a) provides in pertinent part:

        
 Except as provided by Subsection (g) of this section, before the imposition of
 sentence by a judge in a felony case, and except as provided by Subsection (b)
 of this section, before the imposition of sentence by a judge in a misdemeanor
 case the judge shall direct a supervision officer to report to the judge in
 writing on the circumstances of the offense with which the defendant is
 charged, the amount of restitution necessary to adequately compensate a victim
 of the offense, the criminal and social history of the defendant, and any
 other information relating to the defendant or the offense requested by the
 judge. It is not necessary that the report contain a sentencing
 recommendation, but the report must contain a proposed client supervision plan
 describing programs and sanctions that the community supervision and
 corrections department would provide the defendant if the judge suspended the
 imposition of the sentence or granted deferred adjudication.(2)

This statute does not require that the
source of information contained in the PSI be identified or that the persons
providing this information be available for cross-examination. Nor does it
require that the officer who prepared the PSI be available to testify in court
at the punishment hearing.
Fundamental, constitutional protections
include the right to confront and the right to cross-examine witnesses against
the defendant.(3) Texas has codified these
constitutional guarantees: "The defendant, upon a trial, shall be
confronted with the witnesses, except in certain cases provided for in this Code
where depositions have been taken."(4)
"He shall not be compelled to give evidence against himself. He shall have
the right of being heard by himself, or counsel, or both; [and] shall be
confronted with the witnesses against him . . . ."(5)
Additionally, in a trial, no unsworn
testimony is permitted.(6) Hearsay that does not
fall within a specific exception is inadmissible.(7)
Lay witnesses may not testify to events of which they have no personal
knowledge.(8) Finally, the factfinder, not the
PSI officer, is the sole judge of the credibility of the witnesses.(9)
Aside from our very fundamental concerns
about the PSI, we also have concerns about the applicable law. Article 37.07,
section 3(a)(1) of the Texas Code of Criminal Procedure states:

        
 Regardless of the plea and whether the punishment be assessed by the judge
 or the jury, evidence may be offered by the state and the defendant
 as to any matter the court deems relevant to sentencing, including but not
 limited to the prior criminal record of the defendant, his general reputation,
 his character, an opinion regarding his character, the circumstances of the
 offense for which he is being tried, and, notwithstanding Rules 404 and 405,
 Texas Rules of Evidence, any other evidence of an extraneous crime or bad act
 that is shown beyond a reasonable doubt by evidence to have been
 committed by the defendant or for which he could be held criminally
 responsible, regardless of whether he has previously been charged with or
 finally convicted of the crime or act.(10)

At issue before us is whether the
extraneous bad or criminal conduct must be proved beyond a reasonable doubt when
the trial judge, not the jury, assesses punishment. We conclude that under the
clear wording of the statute, no distinction is made. The statute clearly
provides that it applies regardless of the plea and regardless of whether
punishment is assessed by the judge or the jury.(11)
It is clear that a trial judge hearing evidence on punishment must believe
beyond a reasonable doubt that the extraneous bad acts alleged were committed by
the defendant.(12)
The State relies, in part, on legislative
intent in enacting article 37.07, section 3(a)(1), as well as on opinions of our
sister courts in Houston and Beaumont, who also rely on legislative intent to
hold that hearsay statements in a PSI are admissible and can support a finding
beyond a reasonable doubt that the defendant committed extraneous offenses.(13)
While the legislature may overrule provisions of the Texas Rules of Evidence,
the legislature may not enact statutes that nullify constitutional safeguards.(14)
We also disagree with our sister courts' interpretation of legislative intent.
Their interpretation results in a direct conflict between article 42.12, section
9 (providing for the trial court's review of the PSI) and two other equal and
controlling statutory provisions, articles 1.05 and 1.25 (providing for
confrontation of witnesses). If the State's interpretation were correct, the PSI
would obviate any need for a punishment hearing or for other proof of
enhancement allegations. Unobjected-to hearsay in a PSI has probative value,
just as any hearsay evidence.(15) But if the
hearsay evidence is objected to, there must be additional, admissible evidence
to support the trial court's assessment of punishment.(16)
Although article 37.07, section 3(a)(1), and article 42.12, section 9 permit the
judge assessing punishment to consider the PSI, these statutes do not assign the
contents of the PSI probative value. Article 37.07 permits both sides to offer
evidence and requires that extraneous offenses and bad acts be shown "by
evidence."(17)
The Court of Criminal Appeals recently
held that, generally, the rules of evidence do not apply to the contents of a
PSI.(18) Similarly, thirty years ago, in Brown
v. State, the Court held that a PSI allows the trial court to consider
information that is hearsay.(19) To hold
otherwise, the Court stated, would be "to deny the obvious purpose of the
statute."(20)
Were this an issue of first impression,
our decision today might very well be influenced by the concern we have
previously expressed over the dangers inherent in a trial court's reliance on
hearsay statements contained in a PSI when considering punishment options.
Nowhere do we find evidence of the legislature's intent to remove from the State
the burden of proof on extraneous offenses. As an intermediate court of appeals,
however, we are mindful of our duty to follow precedent established by our
higher courts. In this case, the Texas Court of Criminal Appeals has given its
imprimatur to the trial court's consideration of otherwise inadmissible hearsay.
We are therefore compelled to hold that the trial court did not err in admitting
or considering the hearsay statements contained in the PSI. Appellant's point is
overruled.
IV. Conclusion
Having overruled Appellant's sole point on
appeal, we affirm the trial court's judgment.
 
  
                                                                    LEE
ANN DAUPHINOT
  
                                                                    JUSTICE

PANEL B: LIVINGSTON and DAUPHINOT, JJ.;
and DAVID L. RICHARDS, J. (Sitting by Assignment).
               
LIVINGSTON, J. filed concurring opinion.
 
PUBLISH
[DELIVERED MARCH 6, 2003]



COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-305-CR
 
ROBBY GENE WILSON   
                                                                    APPELLANT
a/k/a BOBBY GENE WILSON
V.
THE STATE OF TEXAS   
                                                                    STATE
------------
FROM THE 396
TH DISTRICT COURT OF
TARRANT COUNTY
------------
CONCURRING OPINION
------------
While I agree with the majority's
conclusion as dictated by Fryer v. State, I concur because of the
analysis. Fryer v. State, 68 S.W.3d 628, 631 (Tex. Crim. App. 2002).
I believe that there is no basis to review
appellant's sole issue on appeal: that the trial court erred in considering
allegations of bad acts contained in the PSI when those acts were not proven
beyond a reasonable doubt. None of appellant's objections at trial challenged
the facts or statements contained in the PSI on the ground that the trial court
failed to conclude they were true beyond a reasonable doubt. For this reason, I
would conclude error, if any, has not been preserved because the complaint at
trial does not comport with the complaint on appeal. Tex. R. App. P. 33.1(a); Butler
v. State, 872 S.W.2d 227, 236 (Tex. Crim. App. 1994), cert. denied,
513 U.S. 1157 (1995); Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim.
App. 1990).
 
  
                                                                    TERRIE
LIVINGSTON
  
                                                                    JUSTICE
 
PUBLISH
[DELIVERED MARCH 6, 2003]

1. Tex. Code Crim. Proc. Ann. art. 42.12, § 9 (Vernon
Supp. 2003).
2. Id. § 9(a).
3. U.S. Const. amend. VI; Tex. Const. art. I, § 10; see
Tex. Const. art. I, § 19.
4. Tex. Code Crim. Proc. Ann. art. 1.25 (Vernon 1977).
5. Id. art. 1.05.
6. Tex. R. Evid. 603; Matthews v. State, 960
S.W.2d 750, 757 (Tex. App.--Tyler 1997, no pet.); see Leal v. State,
782 S.W.2d 844, 849-50 (Tex. Crim. App. 1989) (reversible error to admit Spanish
recording into evidence without translation by sworn interpreter and to use
State's unsworn English transcript as jury aid).
7. Tex. R. Evid. 802; Dorado v. State, 843 S.W.2d
37, 38 (Tex. Crim. App. 1992); Logan v. State, 71 S.W.3d 865, 867 (Tex.
App.--Fort Worth 2002, pet. ref'd).
8. Tex. R. Evid. 602; Oliver v. State, 32 S.W.3d
300, 304 (Tex. App.--San Antonio 2000, pet. ref'd).
9. See Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000).
10. Tex. Code Crim. Proc. Ann. art. 37.07, § 3a(1)
(emphasis added).
11. Id.
12. Id.
13. See Dubose v. State, 977 S.W.2d 877, 879
(Tex. App.--Beaumont 1998, no pet.); Williams v. State, 958 S.W.2d 844,
844-45 (Tex. App.--Houston [14th Dist.] 1997, pet. ref'd).
14.See Eisen v. State, 40 S.W.3d 628, 635 (Tex.
App.--Waco 2001, pet. ref'd) (citing Alden v. Maine, 527 U.S. 706, 733,
119 S. Ct. 2240, 2256 (1999)).
15. See Tex. R. Evid. 802.
16. See Tex. Code Crim. Proc. Ann. art. 37.07,
§ 3a(1).
17. Id.
18. Fryer v. State, 68 S.W.3d 628, 631 (Tex.
Crim. App. 2002).
19. 478 S.W.2d 550, 551 (Tex. Crim. App. 1972).
20. Id.