**Robby Gene WILSON a/k/a Bobby Gene Wilson, Appellant,**

v.

**The STATE of Texas, State.**

No. 2–01–305–CR.

Court of Appeals of Texas, Fort Worth.

March 6, 2003.

Rehearing Overruled May 1, 2003.

Donald S. Gandy, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Steven T. Jumes, Tiffany Hamilton, Robert Martinez, Assistant Criminal District Attorneys, Fort Worth, for Appellee.

Panel B: LIVINGSTON and DAUPHINOT, JJ.; and DAVID L. RICHARDS, J. (Sitting by Assignment).

## OPINION

LEE ANN DAUPHINOT, Justice.

### I. INTRODUCTION

Appellant Robby Gene Wilson a/k/a Bobby Gene Wilson brings one point on appeal, contending that the trial court erred in considering allegations of bad acts contained in the presentence investigation report (PSI) when those allegations were not proven beyond a reasonable doubt. Because we hold that the trial court committed no reversible error, we affirm.

### II. FACTS

Appellant entered a plea of guilty to the offense of aggravated sexual assault of a child under fourteen years of age. In return for his plea of guilty, the State waived two additional counts. There was no punishment agreement. The trial court accepted Appellant's plea, deferred a finding of guilt, and ordered a PSI pursuant to article 42.12 of the Texas Code of Criminal Procedure.[1]

Before sentencing, Appellant filed a motion to supplement the PSI and to make objections to it. The requested supplementation included results of a sex offender evaluation performed by a psychiatrist. The trial court accepted the supplement. Appellant objected to the PSI on the ground that it mentioned a CPS record that pointed to Appellant as a possible perpetrator of sexual abuse against the complainant in August 1993, over four years before the offense in the case before us, even though CPS later determined that the complainant's stepgrandfather had committed that offense. He also objected that the PSI contained references to violence, to his marriage to the complainant's mother, and to confidential communications between Appellant and defense counsel. The trial court noted Appellant's objections to the PSI on the record at the punishment hearing but made no explicit ruling on them. No additional evidence was presented by either Appellant or the State.

The trial judge stated that the PSI troubled him in two respects: 1) the length of the abuse, and 2) Appellant's behavior with the complainant and some of her friends

---

1. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 9 (Vernon Supp.2003).

that the PSI confirmed or corroborated. The child had stated in her outcry that the abuse began soon after her stepgrandfather assaulted her. The conduct included strip-poker games and smoking marijuana in the presence of the youngsters. While Appellant had objected to various portions of the PSI, Appellant lodged no objections to statements in the PSI about how long he had been sexually abusing the complainant or about his conduct around the complainant and her friends. The trial judge, after expressing his concerns about the PSI, sentenced Appellant to twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

### III. THE PSI

■ Appellant brings a single point on appeal, arguing that the trial court erred in considering allegations of bad acts contained in the PSI when those acts were not proven beyond a reasonable doubt. Appellant argues in two subpoints that: (1) whether the trial judge must find beyond a reasonable doubt that the extraneous crimes and bad acts reported in a PSI were committed by the defendant before the judge can consider those crimes and bad acts in the determination of proper punishment is unsettled; and (2) although the trial court did not explicitly say it was basing Appellant's punishment on the alleged bad acts, there is a strong inference that the court did consider those alleged bad acts when assessing punishment.

This case highlights serious flaws in the PSI scheme. Article 42.12, section 9(a) provides in pertinent part:

Except as provided by Subsection (g) of this section, before the imposition of

sentence by a judge in a felony case, and except as provided by Subsection (b) of this section, before the imposition of sentence by a judge in a misdemeanor case the judge shall direct a supervision officer to report to the judge in writing on the circumstances of the offense with which the defendant is charged, the amount of restitution necessary to adequately compensate a victim of the offense, the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the judge. It is not necessary that the report contain a sentencing recommendation, but the report must contain a proposed client supervision plan describing programs and sanctions that the community supervision and corrections department would provide the defendant if the judge suspended the imposition of the sentence or granted deferred adjudication.[2]

This statute does not require that the source of information contained in the PSI be identified or that the persons providing this information be available for cross-examination. Nor does it require that the officer who prepared the PSI be available to testify in court at the punishment hearing.

Fundamental, constitutional protections include the right to confront and the right to cross-examine witnesses against the defendant.[3] Texas has codified these constitutional guarantees: "The defendant, upon a trial, shall be confronted with the witnesses, except in certain cases provided for in this Code where depositions have been taken."[4] "He shall not be compelled to give evidence against himself. He shall have the right of being heard by himself,

---

**2.** *Id.* § 9(a).

**3.** U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *see* TEX. CONST. art. I, § 19.

**4.** TEX.CODE CRIM. PROC. ANN. art. 1.25 (Vernon 1977).

or counsel, or both; [and] shall be confronted with the witnesses against him...."[5]

■ Additionally, in a trial, no unsworn testimony is permitted.[6] Hearsay that does not fall within a specific exception is inadmissible.[7] Lay witnesses may not testify to events of which they have no personal knowledge.[8] Finally, the factfinder, not the PSI officer, is the sole judge of the credibility of the witnesses.[9]

Aside from our very fundamental concerns about the PSI, we also have concerns about the applicable law. Article 37.07, section 3(a)(1) of the Texas Code of Criminal Procedure states:

> Regardless of the plea and whether the punishment be assessed by the *judge* or the *jury*, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown *beyond a reasonable doubt* by evidence to have

been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.[10]

At issue before us is whether the extraneous bad or criminal conduct must be proved beyond a reasonable doubt when the trial judge, not the jury, assesses punishment. We conclude that under the clear wording of the statute, no distinction is made. The statute clearly provides that it applies regardless of the plea and regardless of whether punishment is assessed by the judge or the jury.[11] It is clear that a trial judge hearing evidence on punishment must believe beyond a reasonable doubt that the extraneous bad acts alleged were committed by the defendant.[12]

■ The State relies, in part, on legislative intent in enacting article 37.07, section 3(a)(1), as well as on opinions of our sister courts in Houston and Beaumont, who also rely on legislative intent to hold that hearsay statements in a PSI are admissible and can support a finding beyond a reasonable doubt that the defendant committed extraneous offenses.[13] While the legislature may overrule provisions of the Texas Rules of Evidence, the legisla-

---

5. *Id.* art. 1.05.

6. Tex.R. Evid. 603; *Matthews v. State*, 960 S.W.2d 750, 757 (Tex.App.-Tyler 1997, no pet.); *see Leal v. State*, 782 S.W.2d 844, 849–50 (Tex.Crim.App.1989) (reversible error to admit Spanish recording into evidence without translation by sworn interpreter and to use State's unsworn English transcript as jury aid).

7. Tex.R. Evid. 802; *Dorado v. State*, 843 S.W.2d 37, 38 (Tex.Crim.App.1992); *Logan v. State*, 71 S.W.3d 865, 867 (Tex.App.-Fort Worth 2002, pet. ref'd).

8. Tex.R. Evid. 602; *Oliver v. State*, 32 S.W.3d 300, 304 (Tex.App.-San Antonio 2000, pet. ref'd).

9. *See Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim.App.2000).

10. Tex.Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Emphasis added).

11. *Id.*

12. *Id.*

13. *See DuBose v. State*, 977 S.W.2d 877, 879 (Tex.App.-Beaumont 1998, no pet.); *Williams v. State*, 958 S.W.2d 844, 844–45 (Tex.App.-Houston [14th Dist.] 1997, pet. ref'd).

ture may not enact statutes that nullify constitutional safeguards.[14] We also disagree with our sister courts' interpretation of legislative intent. Their interpretation results in a direct conflict between article 42.12, section 9 (providing for the trial court's review of the PSI) and two other equal and controlling statutory provisions, articles 1.05 and 1.25 (providing for confrontation of witnesses). If the State's interpretation were correct, the PSI would obviate any need for a punishment hearing or for other proof of enhancement allegations. Unobjected-to hearsay in a PSI has probative value, just as any hearsay evidence.[15] But if the hearsay evidence is objected to, there must be additional, admissible evidence to support the trial court's assessment of punishment.[16] Although article 37.07, section 3(a)(1), and article 42.12, section 9 permit the judge assessing punishment to consider the PSI, these statutes do not assign the contents of the PSI probative value. Article 37.07 permits both sides to offer evidence and requires that extraneous offenses and bad acts be shown "by evidence." [17]

The Court of Criminal Appeals recently held that, generally, the rules of evidence do not apply to the contents of a PSI.[18] Similarly, thirty years ago, in *Brown v. State*, the Court held that a PSI allows the trial court to consider information that is hearsay.[19] To hold otherwise, the Court stated, would be "to deny the obvious purpose of the statute." [20]

Were this an issue of first impression, our decision today might very well be influenced by the concern we have previously expressed over the dangers inherent in a trial court's reliance on hearsay statements contained in a PSI when considering punishment options. Nowhere do we find evidence of the legislature's intent to remove from the State the burden of proof on extraneous offenses. As an intermediate court of appeals, however, we are mindful of our duty to follow precedent established by our higher courts. In this case, the Texas Court of Criminal Appeals has given its imprimatur to the trial court's consideration of otherwise inadmissible hearsay. We are therefore compelled to hold that the trial court did not err in admitting or considering the hearsay statements contained in the PSI. Appellant's point is overruled.

### IV. CONCLUSION

Having overruled Appellant's sole point on appeal, we affirm the trial court's judgment.

LIVINGSTON, J., filed concurring opinion.

TERRIE LIVINGSTON, Justice, concurring.

While I agree with the majority's conclusion as dictated by *Fryer v. State*, I concur because of the analysis. *Fryer v. State*, 68 S.W.3d 628, 631 (Tex.Crim.App.2002).

I believe that there is no basis to review appellant's sole point on appeal: that the trial court erred in considering allegations of bad acts contained in the PSI when

14. *See Eisen v. State*, 40 S.W.3d 628, 635 (Tex.App.-Waco 2001, pet. ref'd) (citing *Alden v. Maine*, 527 U.S. 706, 733, 119 S.Ct. 2240, 2256, 144 L.Ed.2d 636 (1999)).

15. *See* TEX.R. EVID. 802.

16. *See* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1).

17. *Id.*

18. *Fryer v. State*, 68 S.W.3d 628, 631 (Tex. Crim.App.2002).

19. 478 S.W.2d 550, 551 (Tex.Crim.App.1972).

20. *Id.*

those acts were not proven beyond a reasonable doubt. None of appellant's objections at trial challenged the facts or statements contained in the PSI on the ground that the trial court failed to conclude they were true beyond a reasonable doubt. For this reason, I would conclude error, if any, has not been preserved because the complaint at trial does not comport with the complaint on appeal. Tex.R.App. P. 33.1(a); *Butler v. State,* 872 S.W.2d 227, 236 (Tex. Crim.App.1994), *cert. denied,* 513 U.S. 1157, 115 S.Ct. 1115, 130 L.Ed.2d 1079 (1995); *Rezac v. State,* 782 S.W.2d 869, 870 (Tex.Crim.App.1990).