**Affirmed and Memorandum Opinion filed January 29, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00799-CR

## OSCAR JAVIER SANCHEZ, Appellant,

## V.

## THE STATE OF TEXAS, Appellee.

**On Appeal from the 232nd District Court
Harris County
Trial Court Cause No. 1288484**

## M E M O R A N D U M   O P I N I O N

Appellant Oscar Javier Sanchez pleaded guilty to the offense of intoxication manslaughter. The trial court, after considering a presentence investigation (PSI) report, sentenced Sanchez to 20 years' confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal, Sanchez contends he received ineffective assistance of counsel because his trial counsel failed to object to the quantity of victim statements included in the PSI report. We affirm.

# I

On December 11, 2010, Sanchez was intoxicated and driving erratically at speeds over ninety miles per hour when he struck a car and then a truck, causing both vehicles to spin out of control. The driver of the car, Paul Mueller, was seriously injured. The truck, driven by Christopher Sargent, flipped over several times, causing Sargent to sustain a broken back. Ashley Barnett, Sargent's passenger and girlfriend, was ejected from the truck and died at the scene.[1]

Sanchez pleaded guilty to intoxication manslaughter without an agreed recommendation. The trial court found sufficient evidence to convict him but reset the case to allow for preparation of a PSI report. At the hearing on the PSI report, Sanchez admitted that he had been drinking on the day of the incident. He also admitted that he was intoxicated and speeding while driving. Sanchez explained that as he was driving home he received telephone calls from both his child's mother and her new boyfriend which made him angry, and he decided to drive to the boyfriend's house to fight him. Michael Barnett, Ashley's father, testified about his daughter and the affect of her death on him. The PSI report was admitted without objection.

At the conclusion of the hearing, the trial court found Sanchez guilty of the offense of intoxication manslaughter, made a deadly-weapon finding, and assessed punishment at 20 years' confinement. This appeal followed.

---

[1] Sanchez was also charged with two counts of intoxication assault, but these cases were dismissed as part of his plea agreement.

## II

## A

An accused is entitled to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); *Bradley v. State*, 359 S.W.3d 912, 916 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). In reviewing claims of ineffective assistance of counsel, we apply a two-prong test. *See Strickland*, 466 U.S. at 687; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). To establish ineffective assistance, an appellant must prove by a preponderance of the evidence that (1) his trial counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the trial would have been different. *Strickland*, 466 U.S. at 687; *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001). The appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. *Thompson*, 9 S.W.3d at 813 (citing *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984)).

When evaluating a claim of ineffective assistance, the appellate court looks to the totality of the representation and the particular circumstances of the case without the benefit of hindsight. *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011); *Thompson*, 9 S.W.3d at 813. There is a strong presumption that trial counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). It is not sufficient that an appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence. *Lopez*, 343 S.W.3d at 142–43. Instead, in order for an appellate court to find that counsel was ineffective, counsel's deficiency must be affirmatively

demonstrated in the trial record and the court must not engage in retrospective speculation. *Id.* at 142.

When direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined. *Id.* at 143. Absent specific explanations for counsel's decisions, a record on direct appeal will rarely contain sufficient information to evaluate an ineffective assistance claim. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). When trial counsel has not had an opportunity to explain his or her actions or inactions, an appellate court cannot find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

If a criminal defendant can prove trial counsel's performance was deficient, he still must prove he was prejudiced by his counsel's actions. *Thompson*, 9 S.W.3d at 812. This requires the defendant to demonstrate a reasonable probability that the result of the proceeding would have been different if the trial counsel had acted professionally. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Mallett*, 65 S.W.3d at 63.

B

Sanchez contends his trial counsel failed to object to improper victim character evidence contained in the PSI report. Specifically, Sanchez asserts that the PSI report is eleven pages in length, but attached to the report are, among other things, 214 pages of "letters and messages regarding the character of the complainant." Sanchez maintains that "this quantity of testimony regarding the character of the complainant" weighs against its admissibility and therefore trial counsel's failure to object to it constituted ineffective assistance. But Sanchez did

4

not file a motion for new trial, and the record does not contain evidence of trial counsel's reasons or strategy regarding the challenged actions.

Ordinarily, counsel should be afforded an opportunity to explain his actions before being condemned as unprofessional and incompetent. *Bone*, 77 S.W.3d at 836. When counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been grounded in legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective-assistance claim on direct appeal. *Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007); *Jackson v. State*, 877 S.W2d 768, 771 (Tex. Crim. App. 1994). In this case, it is possible that trial counsel's conduct could have been grounded in legitimate trial strategy. Absent any evidence from trial counsel explaining his actions, the record in this case is inadequate to review Sanchez's claim of ineffectiveness. Sanchez has therefore failed to rebut the presumption that counsel's decisions were reasonable. *See Lopez*, 343 S.W.3d at 143–44.

Moreover, Sanchez has not demonstrated that trial counsel's performance was deficient. Sanchez suggests that his counsel should have objected to the volume of "victim evidence" contained in the PSI report because it violated Texas Rule of Evidence 403. In support of this argument, Sanchez cites *Mosley v. State*, 983 S.W.2d 249 (Tex. Crim. App. 1998), and *McCain v. State*, 995 S.W.2d 229 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

In *Mosley*, the court held that victim-impact and character evidence offered on the mitigation issue in a capital murder trial was admissible to show the uniqueness of the victim, the harm caused by the defendant, and as rebuttal to defendant's mitigating evidence. *Id.* at 262. But the court cautioned that Rule 403 limits the admissibility of such evidence when it "predominantly encourages comparisons based upon the greater or lesser worth or morality of the victim." *Id.*

The court also encouraged trial courts to place appropriate limits on the amount, kind, and source of victim impact and character evidence to avoid unfair prejudice under Rule 403. *Id.* at 263. In *McCain*, a panel of this court concluded that trial counsel's failure to object to testimony from the victim's father concerning the victim's academic accomplishments and school and community involvement during the punishment phase of a murder trial constituted deficient performance. *Id.* at 248–49. *Mosley* and *McCain* are distinguishable, however, because neither addresses evidentiary limits on the admissible contents of a PSI report.

When assessing punishment, a trial court may consider any evidence relevant to sentencing, including the contents of a PSI report. Tex. Code Crim. Proc. art. 42.12, § 9; *see Jagaroo v. State*, 180 S.W.3d 793, 799 (Tex. App.— Houston [14th Dist.] 2005, pet. ref'd) ("The trial court was authorized by statute to consider the PSI report and testimony [of the victim and the victim's relatives] prior to pronouncing punishment."). Further, the Court of Criminal Appeals has recognized that a PSI report may contain evidence that would not have been admissible in the punishment stage of a trial due to its subject matter, noting that generally "the rules of evidence do not apply to the contents of a PSI." *Fryer v. State*, 68 S.W.3d 628, 631 (Tex. Crim. App. 2002) (holding trial court had authority to consider victim's punishment recommendation contained in PSI report). The court reasoned that "[t]o hold otherwise . . . would be 'to deny the obvious purpose of the statute.'" *Id.* (quoting *Brown v. State*, 478 S.W.2d 550, 551 (Tex. Crim. App. 1972)). The *Fryer* court also concluded that other criminal statutes relating to victim impact statements do not restrict the information contained in a PSI; indeed, the court explained, "they have nothing to do with a PSI at all." *Id.* at 632 (discussing Texas Code of Criminal Procedure articles 42.03 and 56.03).

Sanchez cites no authority to support his argument that his trial counsel's performance was deficient based on counsel's failure to object that the number of statements included in the PSI report was unfairly prejudicial under Rule 403. Sanchez's argument also conflicts with the *Fryer* court's directive that the rules of evidence generally do not apply to the contents of a PSI. *See id.* at 631. Moreover, the record is silent concerning counsel's reasons for his conduct. Therefore, we conclude that Sanchez has failed to carry his burden to show that counsel's performance was deficient. *See Jagaroo*, 180 S.W.3d at 799 (holding appellant failed to overcome presumption that his counsel's actions were part of a strategic plan when counsel did not object to testimony by victim and victim's family offered before the trial court assessed punishment).

Even if we concluded that Sanchez met his burden to show that trial counsel's performance was deficient, Sanchez would still be required to show that a reasonable probability exists that, but for his counsel's allegedly deficient performance, the result of the trial would have been different. *See Strickland*, 466 U.S. at 687. Sanchez contends he was prejudiced due to the "limited nature of the proceeding and the overwhelming nature of the inadmissible evidence." Sanchez argues that the legislature created a statutory provision allowing counsel to object to the contents of a PSI report, and questions why such a procedure exists if there is no reason to object. *See* Tex. Code Crim. Proc. art. 42.12, § 9(d), (e).[2] According to Sanchez, his counsel's failure "to argue evidentiary limitations on what the trial court should consider in passing sentence" affected the outcome of the case.

---

[2] We note that article 42.12 allows a defendant or his attorney "to comment on a presentence investigation . . . and, with the approval of the judge, introduce testimony or other information alleging a factual inaccuracy in the investigation or report." Tex. Code Crim. Proc. art. 42.12, § 9(e). Sanchez does not contend that any factual inaccuracies exist in the PSI report.

In this case, the parties agree that the range of punishment for intoxication manslaughter with a deadly-weapon finding is 2 to 20 years' imprisonment. Sanchez notes that he had no prior criminal record, he entered a guilty plea, and he expressed remorse. Considering the gravity of Sanchez's offense, however, we cannot say the sentence was unreasonable. Sanchez pleaded guilty while fully aware of both the range of punishment and the fact that a deadly-weapon finding would render him ineligible for probation. On appeal, Sanchez recognizes that the facts of the case were not favorable to him. Sanchez admits that (1) the alcohol concentration in his blood was ".05 over the legal limit of .08";[3] (2) he drove over 90 miles per hour, rapidly changing lanes, and hit two cars on the freeway; and (3) he caused the death of Ashley Bennett, who "was a young woman in the prime of her life, [and] obviously special to many people." Indeed, Sanchez acknowledges that "[t]he facts of the case may well warrant twenty years in prison." On this record, Sanchez has failed to show a reasonable probability that the result of the proceeding would have been different but for counsel's allegedly deficient performance. *See Strickland*, 466 U.S. at 691–92; *Thompson*, 9 S.W.3d at 812.

\* \* \*

We overrule Sanchez's issue and affirm the trial court's judgment.

/s/    Jeffrey V. Brown
       Justice

Panel consists of Chief Justice Hedges and Justices Brown and Busby.

Do Not Publish — TEX. R. APP. P. 47.2(b).

---

[3] Sanchez characterizes his blood-alcohol content as being "toward the low end" of the spectrum of intoxication.