

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00063-CR

**MARSHALL O'BRYANT,**

                                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                    **Appellee**

**From the 278th District Court
Walker County, Texas
Trial Court No. 27627**

## MEMORANDUM OPINION

In two issues, appellant, Marshall E. O'Bryant, challenges the punishment

assessed in connection with his conviction for driving while intoxicated-3rd or more. *See*

TEX. PENAL CODE ANN. § 49.09(b) (West Supp. 2018). Specifically, O'Bryant contends that:

(1) the trial court erred by admitting evidence or prior criminal convictions through the

pre-sentence investigation report ("PSI") and the testimony of a probation officer; and (2)

the trial court's assessment of costs included costs found unconstitutional. Because we overrule both of O'Bryant's issues on appeal, we affirm as modified.[1]

## I.    BACKGROUND

O'Bryant was charged by indictment with driving while intoxicated-3rd or more. *See id.* The indictment referenced O'Bryant's two prior DWI convictions on May 21, 1991, in trial court cause number 91-726 and on June 25, 2003, in trial court cause number 03-0255. These additional allegations addressed the jurisdictional element of the charged offense. *See id.* The indictment also contained an enhancement paragraph that referenced O'Bryant's prior DWI convictions on January 26, 2006, in trial court cause number 22,589 and on September 4, 2009, in trial court cause number 24,361.

O'Bryant entered an open plea of guilty to the charged offense. In the guilty-plea memorandum, O'Bryant initialed next to the admonishment informing him that if convicted of the charged offense, the punishment range was a term of life or a term of not more than ninety-nine years or less than twenty-five years. O'Bryant also initialed that he had read the indictment; that he was aware of the consequences of his plea; and that he agreed and confessed "that all the acts and allegations in said pleading [the

---

[1] The judgment in this case reflects that the trial court entered its judgment of conviction on January 30, 2017; however, the record reflects that the judgment was filed in the Walker County District Clerk's Office on January 30, 2018. Additionally, the Reporter's Record reveals that the trial in this matter was conducted on January 30, 2018. We therefore have fair assurance that the judgment should reflect a date of conviction as January 30, 2018, not January 30, 2017. See TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (concluding that an appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention by any source). We modify the judgment to reflect as such.

indictment] are true and correct." The trial court found that O'Bryant's stipulation of evidence substantiated his guilt, and this matter proceeded to trial on punishment.

This case was set for a punishment hearing on February 28, 2017; however, the hearing was reset until January 30, 2018, because O'Bryant was once again arrested and charged with DWI-3rd or more for an offense that occurred at approximately 3:00 a.m. on February 28, 2017. Eventually, the hearing was conducted on January 30, 2018, whereby Walker County Adult Probation Officer Sheila Hugo testified about O'Bryant, findings contained in the PSI, and a pen packet that included certified judgments of O'Bryant's prior DWI convictions. The PSI and pen packet were admitted into evidence over O'Bryant's objections. O'Bryant also testified at the punishment hearing.

At the conclusion of the evidence, the trial court found the enhancement paragraph contained in the indictment to be "true" and sentenced O'Bryant to twenty-five years in the Institutional Division of the Texas Department of Criminal Justice. The trial court also certified O'Bryant's right of appeal, and this appeal followed.

## II. ADMISSION OF EVIDENCE OF O'BRYANT'S PRIOR CRIMINAL CONVICTIONS

In his first issue, O'Bryant asserts that the trial court abused its discretion by admitting evidence of prior criminal convictions through the PSI and Officer Hugo's testimony over his hearsay objections. We disagree.

We review a trial court's admission or exclusion of evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court

abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). When considering a trial court's decision to admit or exclude evidence, we will not reverse the trial court's ruling unless it falls outside the "zone of reasonable disagreement." *Id.* at 391; *see Manning v. State*, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003).

The Court of Criminal Appeals has held that the rules of evidence generally do not apply to the contents of a PSI report. *Fryer v. State*, 68 S.W.3d 628, 631 (Tex. Crim. App. 2002); *Champion v. State*, 126 S.W.3d 686, 699 (Tex. App.—Amarillo 2004, pet. ref'd). This exception also includes the rules pertaining to hearsay. *Champion*, 126 S.W.3d at 699 (citing *Brown v. State*, 478 S.W.2d 550, 551 (Tex. Crim. App. 1972) (holding that the PSI statute authorizes the trial court to consider information in the PSI that is hearsay)); *see Smith v. State*, 227 S.W.3d 753, 763 (Tex. Crim. App. 2007) (noting that article 37.07, section 3(d) authorizes the trial court to order a PSI and places no condition on the trial court in considering the contents of the PSI (citing TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(d) (West Supp. 2018))). To hold otherwise, would be "to deny the obvious purpose of the statute." *Fryer*, 68 S.W.3d at 631 (citing *Brown*, 478 S.W.2d at 551).

Because the rules of evidence generally do not apply to the contents of a PSI report, and because the Court of Criminal Appeals has held that the trial court can consider otherwise inadmissible hearsay contained in a PSI report, we cannot say that the trial court abused its discretion by overruling O'Bryant's hearsay objection and admitting the

PSI report.  *See Smith*, 227 S.W.3d at 763; *Fryer*, 68 S.W.3d at 631; *Brown*, 478 S.W.2d at 551; *see also Champion*, 126 S.W.3d at 699; *Wilson v. State*, 108 S.W.3d 328, 332 (Tex. App.—Fort Worth 2003, pet. ref'd) ("In this case, the Texas Court of Criminal Appeals has given its imprimatur to the trial court's consideration of otherwise inadmissible hearsay.  We are therefore compelled to hold that the trial court did not err in admitting or considering the hearsay statements contained in the PSI.").  Furthermore, because Officer Hugo's testimony regarding O'Bryant's criminal history was limited to the contents of the properly-admitted PSI report, we cannot say that the trial court abused its discretion by overruling O'Bryant's hearsay objection to Officer Hugo's testimony.  *See Fryer*, 68 S.W.3d at 631; *Brown*, 478 S.W.2d at 551; *see also Wilson*, 108 S.W.3d at 330-31 ("This statute does not require that the source of information contained in the PSI be identified or that the persons providing this information be available for cross-examination.  Nor does it require that the officer who prepared the PSI be available to testify in court at the punishment hearing.").  We overrule O'Bryant's first issue.

### III.   THE TRIAL COURT'S ASSESSMENT OF COSTS

In his second issue, O'Bryant argues that the trial court's assessment of costs included unconstitutional costs.  We disagree.

The imposition of court costs on a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case."  *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014).  "[W]e review the

assessment of court costs on appeal to determine if there is a basis for the cost [assessed]."

*Id.* When a trial court erroneously assesses court costs in its judgment, the proper appellate remedy is to reform the judgment to delete the improper fees. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013).

In a certified bill of costs, O'Bryant was assessed $133 in consolidated fees. In reliance on *Salinas v. State*, 523 S.W.3d 103, 110 (Tex. Crim. App. 2017), in which the Court of Criminal Appeals addressed the facial constitutionality of the consolidated fee statute—section 133.102(a)(1) of the Local Government Code, O'Bryant claims that some of the fees assessed against him were unconstitutional and should be deleted from the judgment. *See* TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2018). Specifically, section 133.102 requires any person convicted of a felony offense to pay $133.00 as part of the "Consolidated Court Cost" fee. *See id.* In *Salinas*, the Court of Criminal Appeals held that section 133.102 was facially unconstitutional to the extent the funds collected were dispersed to accounts for "abused children's counseling" and "comprehensive rehabilitation." 523 S.W.3d at 110. In support of its ruling, the *Salinas* Court stated,

> [W]ith respect to the collection and allocation of funds for [abused children's counseling and comprehensive rehabilitation], the statute is facially unconstitutional in violation of separation of powers. We also hold, however, that the invalidity of these two statutory provisions does not render the statute as a whole unconstitutional. As a result, we hold that any fee assessed pursuant to the consolidated fee statute must be reduced pro rata to eliminate the percentage of the fee associated with these two accounts.

*Id.* at 105.

The *Salinas* decision issued in March 2017. In response, the Legislature amended section 133.102(e) of the Local Government Code to remove the "abused children's counseling" and "comprehensive rehabilitation" accounts identified as unconstitutional by the *Salinas* Court. *See* Act of May 18, 2017, 85th Leg., R.S., ch. 966, § 1, 2017 Tex. Gen. Laws 3911, 3911 (codified at TEX. LOC. GOV'T CODE ANN. § 133.102(e)). In the amended statute, the Legislature reallocated the percentages for the two accounts for the "fair defense account." *Id.* Under the current statute, "crime stoppers assistance" is now subsection (e)(1), and "criminal justice planning" is subsection (e)(6). TEX. LOC. GOV'T CODE ANN. § 133.102 (e)(1), (e)(6). The effective date of the amended version of section 133.102(e) was June 15, 2017.

In the instant case, O'Bryant's court costs were imposed on January 30, 2018. Consequently, the costs which *Salinas* ruled unconstitutional were not assessed against O'Bryant. Accordingly, we overrule O'Bryant's second issue.

## IV. CONCLUSION

We affirm the judgment of the trial court as modified.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Affirmed as modified
Opinion delivered and filed March 20, 2019
Do not publish
[CRPM]

