

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-21-00171-CR

**TYLER JAMES KIRKPATRICK,**

           **Appellant**

 **v.**

**THE STATE OF TEXAS,**

           **Appellee**

_____

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2019-476-C1**

&



## IN THE
## TENTH COURT OF APPEALS

_____

## No. 10-21-00172-CR

**TYLER JAMES KIRKPATRICK,**

           **Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

——————————

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2019-594-C1**

## MEMORANDUM OPINION

In two issues, appellant, Tyler James Kirkpatrick, challenges the sentences imposed in appellate cause numbers 10-21-00171-CR and 10-21-00172-CR. Specifically, appellant complains that: (1) the trial court erred by admitting a presentencing report over his hearsay objection; and (2) the admission of the presentencing report violated his right to confront witnesses against him under the Sixth Amendment of the United States Constitution. *See* U.S. CONST. amend. VI. We affirm.

### Background

In appellate cause number 10-21-00171-CR, appellant pleaded guilty to two counts of indecency with a child by contact without the benefit of a plea agreement with the State. *See* TEX. PENAL CODE ANN. § 21.11. In appellate cause number 10-21-00172-CR, appellant pleaded guilty to one count of aggravated sexual assault of a child and three counts of indecency with a child by contact also without the benefit of a plea agreement with the State. *See id.* §§ 21.11, 22.021. After a sentencing hearing where the trial court

considered all counts in both appellate cause numbers, the trial court assessed punishment at twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice for each count. With regard to the one count of aggravated sexual assault of a child and three counts of indecency with a child by contact in appellate cause number 10-21-00172-CR, the trial court ordered the sentences to run concurrently. The two counts of indecency with a child by contact in appellate cause number 10-21-00171-CR were ordered to run concurrently with one another, but consecutively with the sentences imposed in appellate cause number 10-21-00172-CR.

## Admission of the Presentencing Report

In his first issue, appellant contends that the trial court erred by admitting the presentencing report over his hearsay objection. We disagree.

We review a trial court's admission or exclusion of evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). When considering a trial court's decision to admit or exclude evidence, we will not reverse the trial court's ruling unless it falls outside the "zone of reasonable disagreement." *Id.* at 391; *see Manning v. State*, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003).

During the sentencing hearing for all of the counts in both appellate cause numbers, appellant made a general hearsay objection to the admission of the

presentencing report. Appellant also objected that the State had failed to lay the proper foundation for the admission of the presentencing report.

Notwithstanding the fact that a general hearsay objection does not preserve error for appeal, *see Sonnier v. State*, 913 S.W.2d 511, 518 (Tex. Crim. App. 1995), the Court of Criminal Appeals has held that the rules of evidence generally do not apply to the contents of a presentencing report. *See Fryer v. State*, 68 S.W.3d 628, 631 (Tex. Crim. App. 2002); *Champion v. State*, 126 S.W.3d 686, 699 (Tex. App.—Amarillo 2004, pet. ref'd); *see also O'Bryant v. State*, No. 10-18-00063-CR, 2019 Tex. App. LEXIS 2179, at *4 (Tex. App.—Waco Mar. 20, 2019, pet. ref'd) (mem. op., not designated for publication). This exception also includes the rules pertaining to hearsay. *See Champion*, 126 S.W.3d at 699 (citing *Brown v. State*, 478 S.W.2d 550, 551 (Tex. Crim. App. 1972) (holding that the statute governing presentencing reports authorizes the trial court to consider information in the presentencing report that is hearsay)); *see also Smith v. State*, 227 S.W.3d 753, 763 (Tex. Crim. App. 2007) (noting that article 37.07, section 3(d) authorizes the trial court to order a presentencing report and places no condition on the trial court in considering the contents of the presentencing report (citing TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(d))). To hold otherwise would be "to deny the obvious purpose of the statute." *Fryer*, 68 S.W.3d at 631 (citing *Brown*, 478 S.W.2d at 551).

Because the rules of evidence generally do not apply to the contents of a presentencing report, and because the Court of Criminal Appeals has held that the trial

court can consider otherwise inadmissible hearsay contained in a presentencing report, we cannot say that the trial court abused its discretion by overruling appellant's hearsay objection and admitting the presentencing report. *See Smith*, 227 S.W.3d at 763; *Fryer*, 68 S.W.3d at 631; *Brown*, 478 S.W.2d at 551; *Champion*, 126 S.W.3d at 699; *Wilson v. State*, 108 S.W.3d 328, 332 (Tex. App.—Fort Worth 2003, pet. ref'd) ("In this case, the Texas Court of Criminal Appeals has given its imprimatur to the trial court's consideration of otherwise inadmissible hearsay. We are therefore compelled to hold that the trial court did not err in admitting or considering the hearsay statements contained in the PSI."); *see also O'Bryant*, 2019 Tex. App. LEXIS 2179, at **4-5. We overrule appellant's first issue.

In his second issue, appellant asserts that the admission of the presentencing report violated his right to confront witnesses against him under the Sixth Amendment of the United States Constitution. *See* U.S. CONST. amend. VI.

Generally, to preserve a complaint for appellate review, the party must make his complaint to the trial court by a timely request, objection, or motion that states the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint. *See* TEX. R. APP. P. 33.1(a). Confrontation Clause complaints are subject to this general preservation requirement. *See Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010). A defendant's failure to object on Confrontation Clause grounds at trial waives a Confrontation Clause complaint for appellate review. *See Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (holding that defendant failed to preserve a

Confrontation Clause complaint for appellate review when the trial objection was solely on hearsay grounds).

A review of the record shows that appellant did not object to the admission of the presentencing report on Confrontation Clause grounds. As such, we conclude that appellant failed to preserve this complaint for appellate review. *See* TEX. R. APP. P. 33.1(a); *Davis*, 313 S.W.3d at 347; *see also Paredes*, 129 S.W.3d at 535. We overrule appellant's second issue.[1]

## Conclusion

Having overruled both of appellant's issues on appeal, we affirm the judgments of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed April 13, 2022
Do not publish
[CR25]



---

[1] We also note that the sentences in these cases were determined by the trial judge. The Court of Criminal Appeals has held that: "When the sentence is determined by the judge, the information in a PSI is not subject to the Confrontation Clause." *Stringer v. State*, 309 S.W.3d 42, 48 (Tex. Crim. App. 2010). Therefore, even if appellant had preserved his Confrontation Clause complaint to the presentencing report, the complaint would fail. *See id.*