Damien Daniel **WILLIAMS**, Appellant

v.

The **STATE** of Texas, Appellee.

No. 14–96–00008–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 4, 1997.

DeEdward J. Greer, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before YATES, HUDSON and FOWLER, JJ.

### OPINION ON REHEARING

FOWLER, Justice.

Appellant, Damien Williams, entered a plea of guilty to the felony offense of aggravated robbery. TEX.PENAL CODE ANN. § 29.03 (Vernon 1994).[1] The trial court found appellant guilty and assessed punishment at ten years confinement in the Texas Department of Criminal Justice, Institutional Division. Appellant complains in his sole point of error that the trial court erred in admitting, over objection, unadjudicated, extraneous offenses during appellant's punishment hearing. We affirm.

### POINTS OF ERROR

In appellant's sole point of error he contends that the trial court erred in the punishment phase of his case by admitting into evidence, over his objection, unadjudicated, extraneous offenses contained in the presentence investigation report which the State did not prove he committed beyond a reasonable doubt. Appellant argues that the admission of such evidence along with the trial court's consideration of it in assessing his punishment was harmful to him.

Appellant was charged by indictment with the felony offense of aggravated robbery alleged to have been committed on August 6,

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the penal code revision. *See* acts 1993, 73rd Leg., Ch. 900, § 1.18(b). There-fore, all references to the penal code are to the code in effect at the time the crime was committed.

1994. On October 4, 1995, appellant waived his right to trial by a jury and entered a plea of guilty to the offense as alleged in the indictment. There was no agreement between appellant and the State as to punishment and the case was recessed until December 22, 1995, for the preparation of a pre-sentence investigation report ("PSI").

On December 22, 1995, a punishment hearing was conducted during which testimony was presented. At this time, the PSI was admitted into evidence. Before the hearing, appellant's counsel filed written objections to the unadjudicated, extraneous offenses contained in the PSI. Appellant repeated the objections at trial, but also offered the PSI into evidence subject to the previously stated objections. The trial court denied the objections and admitted the PSI.

■ Article 37.07, section 3(a) of the Texas Code of Criminal Procedure provides that evidence as to any matter may be offered during the punishment phase of a trial if the trial court deems it relevant to sentencing. TEX.CODE CRIM.PROC.ANN. art. 37.07 § 3(a) (Vernon 1994). Evidence of extraneous crimes or bad acts is admissible if they are shown beyond a reasonable doubt by evidence to have been committed by the defendant or if he could be held criminally responsible for them, regardless of whether he was previously charged with or finally convicted of the crime or act. *Id.* The Texas Court of Criminal Appeals has held that when a jury determines punishment, the trial court determines the threshold issue of admissibility of relevant evidence during the punishment phase, but the jury, as the finder of fact, determines whether or not the extraneous offenses were proven beyond a reasonable doubt. *Mitchell v. State,* 931 S.W.2d 950 (Tex.Crim.App.1996). According to *Mitchell,* there is a distinction between the preliminary determination of admissibility made by the trial court and the ultimate finding by the jury as to whether the conduct was established beyond a reasonable doubt. *Id.* at 954. But, when the trial court assesses punishment, the judge acts as factfinder. Therefore, under the reasoning set forth in *Mitchell,* when the court assesses punishment, it may determine that an extraneous

offense is relevant to punishment and admit such evidence, but the court may then only consider the extraneous offense in assessing punishment if it finds that the offense was proven beyond a reasonable doubt.

■ In this case, the PSI contains evidence of extraneous offenses or prior bad acts committed by appellant. Appellant concedes that pre-sentence investigative reports generally contain hearsay, but that it may still be used by the sentencing judge. *Stancliff v. State,* 852 S.W.2d 639, 641 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). Therefore, the fact that extraneous offenses or bad acts are presented to the judge in the form of hearsay does not preclude their consideration by the trial court.

Article 37.07, section 3(a) specifically allows the introduction of extraneous offenses or prior bad acts into evidence during the punishment phase of a case as long as the court deems such matters relevant to sentencing. *Mitchell,* 931 S.W.2d at 953. Therefore, the trial court did not err when he admitted those portions of the PSI relating to extraneous offenses or bad acts because they were relevant to appellant's sentence.

We further find that there is no indication that the trial court considered those extraneous offenses or bad acts without determining whether they had been proven beyond a reasonable doubt. The judge stated only that he had read the PSI and was "taking it at face value." The judge did not say if he had determined whether the extraneous offenses or bad acts were proven beyond a reasonable doubt, or if he considered the extraneous offenses or bad acts in assessing appellant's punishment. Appellant pled guilty to an offense for which the range of punishment is five years to ninety-nine years or life in prison. Under these facts, we do not believe ten years confinement is an inappropriate sentence and there is no indication that the trial court considered any improper evidence in arriving at the sentence.

Appellant's primary argument as to the reason the extraneous offenses and bad acts contained in the PSI are inadmissible is because it is error for an attorney to fail to object to unproven, unadjudicated extraneous

offenses in a PSI. Following this line of reasoning it is also error for the court to admit such evidence over objection. The cases appellant cites in support of this argument were reversed for ineffective assistance of counsel when counsel failed to object to the introduction of unadjudicated, extraneous offenses during the punishment stage of trial. *See Glivens v. State,* 918 S.W.2d 30 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd); *Thomas v. State,* 923 S.W.2d 611 (Tex. App.—Houston [1st Dist.] 1995, no pet.). However, appellant's reliance on *Glivens* and *Thomas* is misplaced because the law applicable in both cases did not allow evidence of unadjudicated, extraneous offenses to be admitted during the punishment phase of trials for noncapital cases. *See Grunsfeld v. State,* 843 S.W.2d 521, 526 (Tex.Crim.App. 1992). Effective September 1, 1993, the Legislature amended article 37.07 to allow the admission of unadjudicated, extraneous offenses at the punishment phase of noncapital cases. *Id.* But, the amendment only applied to offenses committed on or after September 1, 1993. *Voisine v. State,* 889 S.W.2d 371, 372 (Tex.App.—Houston [14th Dist.] 1994, no writ). The offenses in *Glivens* and *Thomas,* were committed before September 1, 1993, therefore, counsel in the cases were held to be ineffective for failing to object to the admission of unadjudicated, extraneous offenses, evidence inadmissible under the law in effect at the time. *Glivens,* 918 S.W.2d at 34; *Thomas,* 923 S.W.2d at 614. Since the offense date in this case was after September 1, 1993, article 37.07 applies, allowing the admission of unadjudicated extraneous offenses.

In conclusion, we find that the PSI, including the unadjudicated, extraneous offenses and bad acts reported therein, was admissible. In addition, the record does not reflect that the trial court did not comply with article 37.07 in assessing appellant's punishment. We overrule appellant's sole point of error.

The judgment of the trial court is affirmed.