# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00040-CR
## NO. 03-03-00041-CR

**Alex Isaiah, IV, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NOS. 53,693 & 53,694, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Alex Isaiah, IV pleaded guilty, without benefit of a plea bargain, to charges of aggravated robbery and felony escape. *See* Tex. Pen. Code Ann. §§ 29.03(a)(2), 38.06 (West 2003). At the punishment phase, the trial court considered a pre-sentence investigation report ("PSI") that listed restitution owed by appellant for other robberies for which he had not been indicted. Appellant received a sentence of ten years' imprisonment for the felony escape and a sentence of thirty-five years' imprisonment for the aggravated robbery. On appeal, appellant contends that the trial court erred by improperly considering the unindicted offenses without adequate proof that they occurred.

The punishment phase of appellant's trial was conducted based on appellant's PSI. *See* Tex. Code Crim. Proc. Ann. arts. 37.07, § 3(d); 42.12, § 9 (West Supp. 2003). Article 37.07

allows the court to consider extraneous felony offenses and misdemeanors punishable by confinement in jail, so long as they are supported by evidence beyond a reasonable doubt, regardless of whether a defendant has previously been charged with or convicted of the crime or act. *See id.* § 3(a)(1)(A), (B). On defendant's request, the State must provide notice before introducing such evidence. *Id.* § 3(g). Thus, when a trial court assesses punishment, it may determine that an extraneous offense is relevant to punishment and admit such evidence, but the trial court may only consider the extraneous offense in assessing punishment if it finds that the offense was proven beyond a reasonable doubt. *See Williams v. State,* 958 S.W.2d 844, 845 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd) (construing *Mitchell v. State*, 931 S.W.2d 950, 954 (Tex. Crim. App. 1996)).

In this case, the PSI included amounts of restitution owed by appellant for other incidents for which no indictment had yet issued. It also detailed the results of psychological profiles and substance abuse risks. Appellant's counsel specifically requested that the trial court not consider the restitution amounts on uncharged offenses in making its decision. The State responded that it had not yet determined whether it would seek an indictment for the other incidents, but indicated that it did not object to the trial court excluding the restitution from consideration. Appellant's counsel argued for leniency based on appellant's age, lack of prior criminal history, and acknowledgment of his guilt, requesting either probation or a minimal sentence. The State responded by pointing out various other facts contained in the PSI: appellant had juvenile convictions on his record, had apparently failed to comply with court-ordered treatment plans in the past, and had bad results on his psychological assessments. The State requested a sentence of fifty years.

2

The trial court assessed a punishment of ten years for the escape and thirty-five years for the robbery, the sentences to run concurrently. In making this determination, the trial court stated, "So I'm not considering any of the other restitutions since those cases are still pending." The trial court continued, "Now, I don't know if there is going to be any resolution of those cases but, nevertheless, I'm ordering restitution for this one case whatever that may be . . . ."

There is no indication in the record that the trial court considered the extraneous offenses or bad acts. Indeed, the trial court specifically stated that it would disregard the other restitution amounts. The PSI indicated that appellant had admitted drug use, alcohol use, and one violent robbery. While appellant's counsel requested probation, the State requested fifty years' imprisonment. The trial court's sentence of thirty-five years was well within the range of punishment. We cannot say that the trial court erred by entering a sentence between the punishments requested by the State and appellant's counsel. Appellant's point of error is overruled. The trial court's judgment is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Patterson

Affirmed

Filed:  August 14, 2003

Do Not Publish

3