Affirmed and Memorandum Opinion filed July 28, 2005









Affirmed
and Memorandum Opinion filed July 28, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00279-CR

____________

 

DEANNA ELLEN DICK, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

______________________________________________

 

On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 943,562

______________________________________________

 

M E M O R A N D U M   O P I N I O
N

Appellant Deanna Ellen Dick pleaded guilty to
theft and the trial court sentenced her to seven years=
confinement in the Texas Department of Criminal Justice, Institutional
Division.  In her sole issue, appellant
argues the statutorily-mandated sentencing procedure used by the trial court
violated her constitutional right to a jury trial.  We affirm. 








I.  Factual and
Procedural Background

Appellant was charged by indictment with the offense
of aggregate theft of property valued between $100,000 and $200,000.  After a plea bargain was reached, appellant
pleaded guilty to the offense of aggregate theft, but with a value range of
$20,000 to $100,000.  In accordance with
the plea agreement, the State sought punishment at five years=
confinement and restitution.  For reasons
not apparent from the record, the trial court rejected the plea bargain.  Nonetheless, appellant pleaded guilty to
theft of property valued between $20,000 and $100,000 and, in preparation for
the punishment hearing, requested a pre-sentence investigation report
(PSI).  

Appellant filed written objections to extraneous
offenses and unsworn statements contained in the PSI.  After a punishment hearing, the trial court
assessed appellant=s
punishment at seven years=
confinement and restitution of $16,000.[1]  This appeal ensued.  

II. 
Discussion

In her sole issue on appeal, appellant argues the
sentencing procedure authorized by Article 42.12, section 9(a) of the Texas
Code of Criminal Procedure violated her Sixth Amendment right to a jury trial
because the trial judge=s
examination of the PSI permitted the court to sentence her based on conduct not
proved beyond a reasonable doubt.  See
U.S. Const. amend. VI; see
also United States v. Cotton, 535 U.S. 625, 634 (2002).  








In support of her argument, appellant cites Blakely
v. Washington, in which the Supreme Court determined the State of
Washington=s statutory scheme for sentencing
allowed a trial judge to enhance a sentence due to conduct that was not proved
beyond a reasonable doubt.  542 U.S. 296,
__, 124 S. Ct. 2531, 2537B38
(2004).  Blakely involved a guilty
plea, as does this case.  The Blakely Court
noted that the trial judge could not have imposed the ninety-month sentence
based solely on the defendant=s plea;
the facts admitted to in Blakely=s plea
subjected him to a maximum statutory sentence of only fifty-three months.  542 U.S. at __, 124 S. Ct. at 2537.  The trial court, however, sentenced Blakely
to ninety months based on its determination that he acted with Adeliberate
cruelty.@  Id. 
In finding this sentencing procedure violated Blakely=s Sixth
Amendment right to trial by jury, the Court applied the following rule from Apprendi
v. New Jersey:  AOther
than the fact of a prior conviction, any fact that increases the penalty for a
crime beyond the statutory maximum must be submitted to a jury, and proved
beyond a reasonable doubt.@  See Blakely, 542 U.S. at __, 124 S.
Ct. at 2536 (citing Apprendi v. New Jersey, 530 U.S. 466, 490
(2000)).  

Here, appellant argues Blakely governs
because the Court=s
discussion Aleads to the inevitable
conclusion that judicial sentencing based on unsupported, unsworn, and unproven
allegations, like the ones in the case at bar, violate the [C]onstitution even
if the judge prescribes a sentence within the particular statutory range.@  Moreover, appellant argues the Blakely Court
Arepeatedly
made the point that a judge should not be able to inflict punishment based on
any facts beyond those contained in a jury=s
verdict.@  We reject appellant=s
argument because we conclude the rule created in Blakely is inapplicable
to the procedure used by the trial court.

Under Apprendi, a defendant=s
sentence must be based on facts proved beyond a reasonable doubt.  530 U.S. at 490.  If the trial judge wishes to assess an
enhanced sentence, one that goes beyond the statutory maximum and requires
additional factfinding, Blakely requires that these additional
facts be proved beyond a reasonable doubt. 
542 U.S. at __, 124 S. Ct. at 2537. 
In that context, the Astatutory
maximum@ is the Amaximum
sentence a judge may impose solely on the basis of the facts reflected in
the jury verdict or admitted by the defendant.@  Id. (emphasis in original).  Here, appellant=s
sentence does not exceed the statutory maximum; her seven-year sentence is
within the two-to-ten-year statutory range of punishment for theft of property
valued between $20,000 and $100,000.  See
Tex. Pen. Code Ann. ''
12.34(a), 31.03(e)(5), 31.09 (Vernon 2003). 
Thus, the rule in Blakely is inapposite.








Moreover, our Code of Criminal Procedure expressly
permits the trial court to consider information contained in a PSI when
assessing punishment.  See Tex. Code Crim. Proc. Ann. art. 42.12 ' 9(a)
(Vernon Supp. 2005).  Blakely does
not render this procedural provision unconstitutional.  See id.; see also Griffith v. State,
__, S.W.3d __, __, No. PD-1121-04, 2005 WL 1523877, at *1B2 (Tex.
Crim. App. June 29, 2005) (analyzing whether the trial court properly
interpreted Article 42.12, section 9 without declaring it
unconstitutional).  Indeed, our court=s
sentencing procedure accounts for the requirement that sentencing be based on
facts proved beyond a reasonable doubt.  See
Blakely, 542 U.S. at __, 124 S. Ct. 2537B38.  When the trial court assesses punishment, the
judge acts as factfinder and may determine that extraneous offense evidence is
relevant to punishment and admit the evidence. 
Williams v. State, 958 S.W.2d 844, 845 (Tex. App.CHouston
[14th Dist.] 1997, pet. ref=d).  But, the trial court may only consider
extraneous offense evidence in its sentencing decision if it finds the
extraneous offense is proved beyond a reasonable doubt.  Id.; see also Bell v. State, 155
S.W.3d 635, 637B38 (Tex.
App.CTexarkana
2005, no pet. h.).  Extraneous offenses
in a PSI are not, therefore, considered uncontroverted truths; the defendant
has the opportunity to object to the information in the PSI, but bears the
burden of proving the information is inaccurate or incorrect.  Garcia v. State, 930 S.W.2d 621, 623
(Tex. App.CTyler 1996, no pet.).[2]  Appellant was afforded such an opportunity in
this case.  There is no indication the
trial judge considered any improper evidence in determining appellant=s
sentence.[3]  See Williams, 958 S.W.2d at 845.   








Further, under Apprendi, a trial
court may consider prior convictions in arriving at a sentence.  530 U.S. at 490.  Although the PSI in this case contains
several extraneous offenses in which appellant was implicated but never
charged, it also contains information concerning appellant=s three
prior convictions for theft, including one conviction for theft of more than
$20,000.  Thus, while it may be true that
review of the PSI allowed the trial court to examine evidence of extraneous
offenses, it was nonetheless permissible for the trial court to consider the
prior convictions also contained in the PSI. 


Because the PSI contained prior convictions in
addition to the extraneous offenses and there is no evidence in the record that
the trial court considered any conduct not proved beyond a reasonable doubt in
arriving at appellant=s
sentence, we cannot conclude the trial court=s
sentencing procedure violated appellant=s Sixth
Amendment rights.  See Tex. Code Crim. Proc. Ann. art. 42.12 ' 9(a); Apprendi,
530 U.S. at 490; Williams, 958 S.W.2d at 845. Accordingly, appellant=s sole
issue is overruled, and we affirm the trial court=s judgment.

 

/s/        Eva M. Guzman

Justice

 

Judgment
rendered and Memorandum Opinion filed July 28, 2005.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do Not
Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  The offense of aggregated theft of
property valued between $20,000 and $100,000 carries a sentencing minimum of
two years= and maximum of ten years= confinement.  See Tex.
Pen. Code Ann. '' 
12.34(a), 31.03(e)(5), & 31.09 (Vernon 2003). 






[2]  Appellant does
not complain on appeal that any of the information contained in the PSI is
inaccurate, only that the extraneous offenses were not proved before a jury. 





[3]  Appellant further argues that the
PSI=s extraneous offenses harmed her
position before the trial judge by making it Aappear that she constantly and
flagrantly breaks the law in a way similar to the method alleged in the
indictment.@ 
Appellant apparently infers this from the fact the original plea bargain
reached, before the judge viewed the PSI, assessed a punishment of five years,
but after viewing the PSI, the trial judge assessed a punishment of seven
years.  This argument, however, ignores
the fact that the judge=s final sentence requires $20,000 less
in restitution than did the original plea bargain.