COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH



NOS.  2-08-423-CR
2-08-424-CR

GARY HARRINGTON                                    APPELLANT

V.

THE STATE OF TEXAS                                        STATE

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I.  Introduction and Background

Appellant Gary Harrington entered an open plea of guilty to five counts of possession of child pornography.  During the punishment phase, the trial court heard uncontested evidence that Appellant possessed more than 2,000 images of child pornography; a video of an adult man raping a two- or three-year-old girl; a video of Appellant's fourteen-year-old niece, H.H., wearing only

---

[1] See Tex. R. App. P. 47.4.

a thong; and a homemade magazine of child pornography images. The trial court also heard conflicting evidence of two unadjudicated extraneous offenses—assertions that Harrington had molested H.H. and his daughter, A.S. The trial court assessed punishment at ten years' confinement on each count and ordered that the sentences be served consecutively. In two issues, Appellant argues the trial court erred by (1) admitting and considering evidence that he molested H.H. because the unadjudicated extraneous offense was not proven beyond a reasonable doubt and (2) excluding defense evidence to contradict the unadjudicated extraneous offense.

## II. Discussion

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Hayden v. State*, 296 S.W.3d 549, 554 (Tex. Crim. App. 2009); *Paschall v. State*, 285 S.W.3d 166, 172 (Tex. App.—Fort Worth 2009, pet. ref'd). Evidence as to any matter may be offered during the punishment phase of a trial if the trial court deems it relevant to sentencing. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon 2009). Evidence is relevant during the punishment phase of trial if it will assist the factfinder in determining the appropriate sentence for the particular defendant in the circumstances presented. *Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999). Thus, we will not disturb the trial court's admissibility ruling on appeal unless it

falls outside the zone of reasonable disagreement. *Hayden*, 296 S.W.3d at 553. We will also uphold the ruling on any theory applicable to the case. *Id*.

A. Evidence Of Unadjudicated Extraneous Offenses

During the State's case-in-chief of the punishment phase, Appellant's daughter, A.S., testified that Appellant molested her multiple times when she was between the ages of eight and twelve. During cross-examination, Appellant's attorney introduced A.S.'s affidavit into evidence without objection. After A.S. denied comparing stories of being molested with her cousin, H.H., Appellant's attorney asked A.S. to read the following excerpt from her affidavit: "Even after [H.H.] coming [sic] clean that her accusations were false, I still kept a watchful eye on my father around my kids." The State later presented evidence that (1) the information in A.S.'s affidavit that H.H. recanted her story that Appellant molested her came from Appellant and A.S.'s mother;[2] (2) the video of H.H. "goes to a closeup of [H.H.'s] breast area or genital area" numerous times; and (3) H.H. told Detective Angela Lundy that Appellant had molested her.[3]

---

[2] ... H.H. did not testify at trial, and neither party asked A.S.'s mother about H.H.'s allegation or recantation.

[3] ... On cross-examination, Detective Lundy stated she was not aware H.H. had recanted her statement.

3

B.  Admission and Consideration of Unadjudicated Extraneous Offense

In his second issue, Appellant asserts the trial court erred by admitting and considering evidence that Appellant molested H.H. when the unadjudicated extraneous offense was not proven beyond a reasonable doubt.  "When evidence of extraneous offenses has been offered, regardless of the respective phase of a trial, the law requires that it be proved beyond a reasonable doubt that the defendant committed the said extraneous offense, or is at least criminally responsible for its commission."  *Mitchell v. State*, 931 S.W.2d 950, 954 (Tex. Crim. App. 1996).

To preserve error, a party must continue to object each time the objectionable evidence is offered.  *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (citing *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991)); *Fuentes v. State*, 991 S.W.2d 267, 273 (Tex. Crim. App.), *cert. denied*, 528 U.S. 1026 (1999).  A trial court's erroneous admission of evidence will not require reversal when other such evidence was received without objection, either before or after the complained-of ruling.  *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).  This rule applies whether the other evidence was introduced by the defendant or the State.  *Id.*  Here, the record reveals Appellant introduced the unadjudicated extraneous offense of Appellant's molestation of H.H. by admitting A.S.'s affidavit into evidence during cross-examination.  In addition, Appellant did not object during the

4

State's presentation of evidence that (1) the basis for A.S.'s statement about H.H. was that A.S.'s mother and Appellant told A.S. that H.H. recanted her molestation allegation; (2) Appellant made the video of H.H.; (3) the video frequently included inappropriate close-up footage of H.H.; and (4) H.H. told Detective Lundy that Appellant molested her. Thus, Appellant failed to preserve his complaint that the trial court erred by admitting evidence that Appellant molested H.H.

Moreover, when the record does not indicate otherwise, we presume that the trial court determined the unadjudicated extraneous offense was proven beyond a reasonable doubt and that the court did not consider any improper evidence in arriving at the sentence. *See Williams v. State*, 958 S.W.2d 844, 845 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd) (holding "there is no indication that the trial court considered any improper evidence in arriving at the sentence" when the trial judge did not say if he determined whether the extraneous offenses were proven beyond a reasonable doubt or if he considered them in assessing appellant's punishment). Here, the trial court did not say if it determined that Appellant's alleged molestation of H.H. was proven beyond a reasonable doubt or if it considered the unadjudicated extraneous offense in assessing Appellant's punishment. Thus, as in *Williams*, there is no indication

the trial court admitted or considered any improper evidence in assessing Appellant's punishment.[4] *See id.*

Even assuming the trial court erred by admitting or considering evidence that Appellant molested H.H.,[5] the admission was harmless. *See* Tex. R. App. P. 44.2(b) (providing that a nonconstitutional error "that does not affect substantial rights must be disregarded"). Here, the undisputed evidence subject to the court's consideration in assessing punishment was that Appellant possessed (1) more than 2,000 images of child pornography; (2) a video of an adult man raping a two- or three-year-old girl; (3) a video of H.H. wearing only a thong, and (4) a homemade magazine of child pornography images. In addition, the evidence enabled the trial court to find beyond a reasonable doubt that Appellant molested A.S. on numerous occasions when she was between eight and twelve years of age. Without considering Appellant's alleged molestation of H.H., the evidence allowed the trial court to appropriately sentence Appellant to serve ten years' confinement consecutively for each of

---

[4] ... Appellant also alleges the State presented evidence of H.H.'s molestation allegations without a good-faith basis to believe that it could prove the bad act. *See Rayme v. State*, 178 S.W.3d 21, 27 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). However, we find nothing in the record to support this allegation.

[5] ... The State emphasized A.S.'s testimony about being molested, stating "[Y]ou don't even have to consider whether or not there was any sort of molest [sic] on [H.H.]."

the five counts of possession of child pornography. *See Rogers*, 991 S.W.2d at 265. We overrule Appellant's second issue.

C. Exclusion of Hearsay Evidence

In his first issue, Appellant asserts the trial court abused its discretion by excluding evidence Appellant contends would have shown Appellant did not molest H.H. Specifically, Appellant contends that the court abused its discretion by excluding testimony that H.H. was molested by Appellant's brother, not by Appellant.

During his case-in-chief, Appellant called Gayle Ardman, a clinical social worker who counseled H.H. During a voir dire examination by the State, Ardman testified that she never counseled Appellant and that her testimony concerned statements H.H. made to her. The State objected to Ardman's testimony as hearsay, the trial court sustained the State's hearsay objection, and Appellant made a bill of exceptions. During closing argument, Appellant again requested that the trial court admit Ardman's testimony, claiming the State opened the door to Ardman's testimony during closing argument by stating: "And you know what, you don't even have to consider whether or not there was any sort of molest [sic] on H.H.[,] [Appellant] videotaped her." The trial court denied Appellant's request.

Hearsay is a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted.

7

Tex. R. Evid. 801(d). Hearsay is not admissible evidence unless it falls within an exception provided by statute or the rules of evidence. Tex. R. Evid. 802. After an objection to hearsay evidence, the proponent of the evidence must establish that an exception applies to make the evidence admissible. *Taylor v. State*, 268 S.W.3d 571, 578–79 (Tex. Crim. App. 2008). One exception to this burden is found in Rule 803(4), which excludes from hearsay a statement made for the purpose of medical diagnosis or treatment. Tex. R. Evid. 803(4). In *Taylor*, the court held that this exception may be applicable to statements made by a child-declarant to a mental-health professional regarding non-physical ailments. *Taylor*, 268 S.W.3d at 588. However, not every statement made in the course of mental-health treatment will be admissible simply because such statements are likely to be truthful:

> [I]t is incumbent on the proponent of the hearsay exception to make the record reflect both (1) that truth-telling was a vital component of the particular course of therapy or treatment involved, and (2) that it is readily apparent that the child-declarant was aware that this was the case. Otherwise, the justification for admitting the out-of-court statement over a valid hearsay objection is simply too tenuous.

*Id.* at 590–91.

Here, Appellant did not establish that truth-telling was a vital component of Ardman's treatment of H.H. or that H.H. was aware that being truthful was essential to her therapy. Instead, Ardman stated that H.H. is "prone to exaggeration, lies, and grandiose statements"—raising doubt about H.H.'s

8

understanding of the importance of telling the truth during her sessions with Ardman.  Appellant therefore failed to carry his burden of establishing that a hearsay exception applied to make Ardman's testimony admissible into evidence. *See id.* at 578–79.  Thus, we hold the trial court did not abuse its discretion by sustaining the State's hearsay objection and excluding Ardman's testimony.  We overrule Appellant's first issue.

### III.  Conclusion

Having overruled Appellant's two issues, we affirm the trial court's judgments.


ANNE GARDNER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DAUPHINOT, J. concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 25, 2010