COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                      NOS.  2-08-423-CR

        2-08-424-CR

 

 

GARY HARRINGTON                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction and Background








Appellant
Gary Harrington entered an open plea of guilty to five counts of possession of
child pornography.  During the punishment
phase, the trial court heard uncontested evidence that Appellant possessed more
than 2,000 images of child pornography; a video of an adult man raping a two-
or three-year-old girl; a video of Appellant=s
fourteen-year-old niece, H.H., wearing only a thong; and a homemade magazine of
child pornography images.  The trial
court also heard conflicting evidence of two unadjudicated extraneous offensesCassertions
that Harrington had molested H.H. and his daughter, A.S. The trial court
assessed punishment at ten years=
confinement on each count and ordered that the sentences be served
consecutively.  In two issues, Appellant
argues the trial court erred by (1) admitting and considering evidence that he
molested H.H. because the unadjudicated extraneous offense was not proven
beyond a reasonable doubt and (2) excluding defense evidence to contradict the
unadjudicated extraneous offense. 

II. 
Discussion








We
review a trial court=s decision to admit or exclude
evidence for an abuse of discretion.  Hayden
v. State, 296 S.W.3d 549, 554 (Tex. Crim. App. 2009); Paschall v. State,
285 S.W.3d 166, 172 (Tex. App.CFort
Worth 2009, pet. ref=d).  Evidence as to any matter may be offered
during the punishment phase of a trial if the trial court deems it relevant to
sentencing.  Tex. Code Crim. Proc. Ann.
art. 37.07, ' 3(a)(1) (Vernon
2009).  Evidence is relevant during the
punishment phase of trial if it will assist the factfinder in determining the
appropriate sentence for the particular defendant in the circumstances
presented.  Rogers v. State, 991
S.W.2d 263, 265 (Tex. Crim. App. 1999). 
Thus, we will not disturb the trial court=s
admissibility ruling on appeal unless it falls outside the zone of reasonable
disagreement.  Hayden, 296 S.W.3d
at 553.  We will also uphold the ruling
on any theory applicable to the case.  Id.   

A.
Evidence Of Unadjudicated Extraneous Offenses

During
the State=s case-in-chief of the
punishment phase, Appellant=s
daughter, A.S., testified that Appellant molested her multiple times when she
was between the ages of eight and twelve. 
During cross-examination, Appellant=s
attorney introduced A.S.=s affidavit into evidence
without objection. After A.S. denied comparing stories of being molested with
her cousin, H.H., Appellant=s
attorney asked A.S. to read the following excerpt from her affidavit:  AEven
after [H.H.] coming [sic] clean that her accusations were false, I still kept a
watchful eye on my father around my kids.@  The State later presented evidence that (1)
the information in A.S.=s affidavit that H.H. recanted
her story that Appellant molested her came from Appellant and A.S.=s
mother;[2]
(2) the video of H.H. Agoes to a closeup of [H.H.=s]
breast area or genital area@
numerous times; and (3) H.H. told Detective Angela Lundy that Appellant had
molested her.[3]


 








B.  Admission and Consideration of Unadjudicated
Extraneous Offense

In his
second issue, Appellant asserts the trial court erred by admitting and
considering evidence that Appellant molested H.H. when the unadjudicated
extraneous offense was not proven beyond a reasonable doubt.  AWhen
evidence of extraneous offenses has been offered, regardless of the respective
phase of a trial, the law requires that it be proved beyond a reasonable doubt
that the defendant committed the said extraneous offense, or is at least
criminally responsible for its commission.@  Mitchell v. State, 931 S.W.2d 950, 954
(Tex. Crim. App. 1996).   








To
preserve error, a party must continue to object each time the objectionable
evidence is offered.  Martinez v.
State, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (citing Ethington v.
State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991)); Fuentes v. State,
991 S.W.2d 267, 273 (Tex. Crim. App.), cert. denied, 528 U.S. 1026
(1999).  A trial court's erroneous
admission of evidence will not require reversal when other such evidence was
received without objection, either before or after the complained‑of
ruling.  Leday v. State, 983 S.W.2d
713, 718 (Tex. Crim. App. 1998).  This
rule applies whether the other evidence was introduced by the defendant or the
State.  Id.  Here, the record reveals Appellant introduced
the unadjudicated extraneous offense of Appellant=s
molestation of H.H. by admitting A.S.=s
affidavit into evidence during cross-examination.  In addition, Appellant did not object during
the State=s presentation of evidence that
(1) the basis for A.S.=s statement about H.H. was that
A.S.=s mother
and Appellant told A.S. that H.H. recanted her molestation allegation; (2)
Appellant made the video of H.H.; (3) the video frequently included
inappropriate close-up footage of H.H.; and (4) H.H. told Detective Lundy that
Appellant molested her.  Thus, Appellant
failed to preserve his complaint that the trial court erred by admitting
evidence that Appellant molested H.H. 








Moreover,
when the record does not indicate otherwise, we presume that the trial court
determined the unadjudicated extraneous offense was proven beyond a reasonable
doubt and that the court did not consider any improper evidence in arriving at
the sentence.  See Williams v.
State, 958 S.W.2d 844, 845 (Tex. App.CHouston
[14th Dist.] 1997, pet. ref=d)
(holding Athere is no indication that the
trial court considered any improper evidence in arriving at the sentenceA when
the trial judge did not say if he determined whether the extraneous offenses
were proven beyond a reasonable doubt or if he considered them in assessing
appellant=s punishment).  Here, the trial court did not say if it
determined that Appellant=s alleged molestation of H.H.
was proven beyond a reasonable doubt or if it considered the unadjudicated
extraneous offense in assessing Appellant=s
punishment.  Thus, as in Williams,
there is no indication the trial court admitted or considered any improper
evidence in assessing Appellant=s
punishment.[4]  See id.  








Even
assuming the trial court erred by admitting or considering evidence that
Appellant molested H.H.,[5]
the admission was harmless.  See
Tex. R. App. P. 44.2(b) (providing that a nonconstitutional error Athat
does not affect substantial rights must be disregarded@).  Here, the undisputed evidence subject to the
court=s
consideration in assessing punishment was that Appellant possessed (1) more
than 2,000 images of child pornography; (2) a video of an adult man raping a
two- or three-year-old girl; (3) a video of H.H. wearing only a thong, and (4)
a homemade magazine of child pornography images.  In addition, the evidence enabled the trial
court to find beyond a reasonable doubt that Appellant molested A.S. on
numerous occasions when she was between eight and twelve years of age.  Without considering Appellant=s
alleged molestation of H.H., the evidence allowed the trial court to
appropriately sentence Appellant to serve ten years=
confinement consecutively for each of the five counts of possession of child
pornography.  See Rogers, 991
S.W.2d at 265.  We overrule Appellant=s second
issue.      

C.  Exclusion of Hearsay Evidence 

In his
first issue, Appellant asserts the trial court abused its discretion by
excluding evidence Appellant contends would have shown Appellant did not molest
H.H.  Specifically, Appellant contends
that the court abused its discretion by excluding testimony that H.H. was
molested by Appellant=s brother, not by Appellant. 

During
his case-in-chief, Appellant called Gayle Ardman, a clinical social worker who
counseled H.H.  During a voir dire
examination by the State, Ardman testified that she never counseled Appellant
and that her testimony concerned statements H.H. made to her.  The State objected to Ardman=s
testimony as hearsay, the trial court sustained the State=s
hearsay objection, and Appellant made a bill of exceptions.  During closing argument, Appellant again
requested that the trial court admit Ardman=s
testimony, claiming the State opened the door to Ardman=s
testimony during closing argument by stating: AAnd you
know what, you don=t even have to consider whether
or not there was any sort of molest [sic] on H.H.[,] [Appellant] videotaped
her.@  The trial court denied Appellant=s
request.








Hearsay
is a statement, other than one made by the declarant while testifying at trial,
offered in evidence to prove the truth of the matter asserted.  Tex. R. Evid. 801(d).  Hearsay is not admissible evidence unless it
falls within an exception provided by statute or the rules of evidence.  Tex. R. Evid. 802.  After an objection to hearsay evidence, the
proponent of the evidence must establish that an exception applies to make the
evidence admissible.  Taylor v. State,
268 S.W.3d 571, 578B79 (Tex. Crim. App. 2008).  One exception to this burden is found in Rule
803(4), which excludes from hearsay a statement made for the purpose of medical
diagnosis or treatment.  Tex. R. Evid.
803(4).  In Taylor, the court held
that this exception may be applicable to statements made by a child-declarant
to a mental-health professional regarding non-physical ailments.  Taylor, 268 S.W.3d at 588.  However, not every statement made in the
course of mental-health treatment will be admissible simply because such
statements are likely to be truthful:

[I]t is incumbent on the proponent of the hearsay exception to make
the record reflect both (1) that truth-telling was a vital component of the
particular course of therapy or treatment involved, and (2) that it is readily
apparent that the child-declarant was aware that this was the case.  Otherwise, the justification for admitting
the out-of-court statement over a valid hearsay objection is simply too
tenuous.  

 

Id. at 590B91.








Here,
Appellant did not establish that truth-telling was a vital component of Ardman=s
treatment of H.H. or that H.H. was aware that being truthful was essential to
her therapy.  Instead, Ardman stated that
H.H. is Aprone to
exaggeration, lies, and grandiose statements@Craising
doubt about H.H.=s understanding of the
importance of telling the truth during her sessions with Ardman.  Appellant therefore failed to carry his
burden of establishing that a hearsay exception applied to make Ardman=s
testimony admissible into evidence.  See
id. at 578B79.  Thus, we hold the trial court did not abuse
its discretion by sustaining the State=s
hearsay objection and excluding Ardman=s
testimony.  We overrule Appellant=s first
issue.

III. 
Conclusion

Having
overruled Appellant=s two issues, we affirm the
trial court=s judgments.

 

 

ANNE GARDNER

JUSTICE

 

PANEL:  DAUPHINOT, GARDNER, and
WALKER, JJ.

 

DAUPHINOT, J. concurs without opinion.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 25, 2010











[1]See Tex. R. App. P. 47.4.





[2]H.H. did not testify at
trial, and neither party asked A.S.=s mother about H.H.=s allegation or
recantation.





[3]On cross-examination,
Detective Lundy stated she was not aware H.H. had recanted her statement. 





[4]Appellant also alleges
the State presented evidence of H.H.=s molestation allegations without a good-faith
basis to believe that it could prove the bad act. See Rayme v. State,
178 S.W.3d 21, 27 (Tex. App.CHouston [1st Dist.] 2005, pet. ref=d).  However, we find nothing in the record to
support this allegation.      





[5]The State emphasized A.S.=s testimony about being
molested, stating A[Y]ou don=t even have to consider
whether or not there was any sort of molest [sic] on [H.H.].@