**Affirmed and Memorandum Opinion filed March 10, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00209-CR
## NO. 14-14-00210-CR

### JONATHAN GLEN JOHNSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1377006 & 1377007**

## M E M O R A N D U M   O P I N I O N

Appellant Jonathan Glen Johnson appeals his convictions for aggravated robbery. *See* Tex. Penal Code Ann. § 29.03 (West 2011). In a single issue appellant contends the trial court erred in considering allegations that appellant committed extraneous aggravated robberies in assessing punishment. We affirm.

## BACKGROUND

After being admonished by the trial court appellant pleaded guilty to two counts of aggravated robbery. The trial court withheld a finding of guilt and ordered preparation of a presentence investigation report (PSI).

Prior to pleading guilty, appellant requested notice of the State's intent to introduce evidence "within the ambit" of Texas Rules of Evidence 404(b) and 609, and article 37.07 of the Texas Code of Criminal Procedure. The State responded with notice that it intended to introduce "evidence that the Defendant committed another aggravated robbery at PJ's mini mart at 10533 East Fwy, Houston, Harris County, Texas on August 17, 2013."

After preparation of the PSI, the trial court held a hearing on punishment. At the beginning of the punishment hearing appellant objected to the State's introduction of the extraneous offense because he did not believe the State could prove beyond a reasonable doubt that appellant committed the offense. At that time the trial court withheld a ruling, stating, "I will make a decision if there is sufficient evidence."

At the punishment hearing, Hector Menchaca, Jr. and Chandar Bhatia testified to the facts of the primary offenses. Menchaca testified that the restaurant he and his father own was robbed on February 9, 2013, after closing. While Menchaca and his father were in the back of the restaurant cleaning, appellant came in wearing a mask and carrying a gun. While pointing the gun at Menchaca, his father, and the cook, appellant ordered the cook and Menchaca's father on the floor, and ordered Menchaca to get the money. Appellant also took Menchaca's father's wallet. Menchaca told appellant they had nothing else, and appellant left the restaurant.

On the same night Bhatia was working in a taco truck located on the same street as Menchaca's restaurant. Appellant came to the truck, jumped inside, and pointed a gun at Bhatia. Appellant ordered Bhatia on the floor, then ordered him to open the cash register and place all of the money in a paper bag, which Bhatia did. Appellant told Bhatia, "don't do anything stupid and I'll shoot you."

Pierre Tannous testified concerning the extraneous robberies that occurred on August 17 and 19, 2013. On August 19, 2013, Pierre, his wife, Joyce, and a friend were discussing upgrading the camera system in the store because Joyce had been robbed in the store two days earlier. In reviewing the video from the earlier robbery, on August 17, 2013, Pierre believed that the perpetrator was appellant, who was a regular customer of the store. Pierre told Joyce he was "99 percent sure" the robber was appellant. Pierre did not report the robbery because he had a "doubt, 1 percent" that the robber was appellant.

Pierre further testified that on August 19, 2013, appellant came into PJ's Mini Mart, purchased a lottery ticket, and left. Approximately 15 minutes later, while Pierre was discussing upgrading his security system, a robber pushed the door of the store in and ordered Pierre, Joyce, and their friend to get down on the floor. The robber was pointing a small shotgun at them. The robber threatened to shoot them, and Pierre told Joyce to give him all the money. Pierre identified appellant as the person who robbed him, but was unable to point him out in the courtroom. Pierre followed the robber behind the store, and saw him sitting in a car taking off his bandana, which had covered his face. Pierre made note of the color and make of the car, tried to memorize the license plate, and noted that the car had a broken tail light.

Joyce Tannous did not testify at the punishment hearing, but the parties entered into a stipulation as to what she would have said. As stipulated by

3

appellant, Joyce sold the lottery ticket to appellant on the day of the robbery, and ten minutes later she thought appellant was the same person who came in and robbed her. When shown the photospread, her identification was "very tentative and weak."

Officer David Lane of the Houston Police Department investigated the PJ's Mini Mart robberies. Through Pierre's description of the car and partial license plate number, Lane identified appellant and a female as suspects in the robberies. Lane showed photospreads to both Pierre and Joyce. Both identified appellant as the individual who robbed them on August 17 and 19, 2013.

At the conclusion of the hearing, the trial court sentenced appellant to confinement for 15 years in each case with the sentences to run concurrently.

### EXTRANEOUS OFFENSE EVIDENCE ADMITTED DURING PUNISHMENT

In a single issue appellant contends the trial court erred in considering allegations that appellant committed extraneous aggravated robberies. Specifically, appellant argues the allegations of extraneous robberies were unfounded and so prejudicial that it was a violation of due process for the trial court to have considered them.

We review the decision to admit evidence of an extraneous offense for abuse of discretion. *Thompson v. State*, 425 S.W.3d 480, 490 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). Article 37.07, section 3(a) of the Texas Code of Criminal Procedure provides that evidence as to any matter may be offered during the punishment phase of a trial if the trial court deems it relevant to sentencing. Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a) (West Supp. 2014). Evidence of extraneous crimes or bad acts is admissible if they are shown beyond a reasonable doubt by evidence to have been committed by the defendant or if he could be held

4

criminally responsible for them, regardless of whether he was previously charged with or finally convicted of the crime or act. *Id*. The Texas Court of Criminal Appeals has held that when a jury determines punishment, the trial court determines the threshold issue of admissibility of relevant evidence during the punishment phase, but the jury, as the finder of fact, determines whether or not the extraneous offenses were proven beyond a reasonable doubt. *Mitchell v. State*, 931 S.W.2d 950 (Tex. Crim. App. 1996). But, when the trial court assesses punishment, the judge acts as factfinder. Therefore, under the reasoning set forth in *Mitchell*, when the court assesses punishment, it may determine that an extraneous offense is relevant to punishment and admit such evidence, but the court may then only consider the extraneous offense in assessing punishment if it finds that the offense was proven beyond a reasonable doubt. *Williams v. State*, 958 S.W.2d 844, 845 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd).

Appellant argues that Joyce and Pierre Tannous were unable to identify appellant as the perpetrator. Both Pierre and Joyce identified appellant in a photospread shortly after the robberies. Pierre was unable to identify appellant in the courtroom. Pierre testified that his difficulty in the courtroom came from his inability to see appellant from the witness stand. Pierre had seen appellant earlier that day at the courthouse and identified the clothing he had been wearing. Pierre also testified that he was "99 percent sure" it was appellant who robbed his wife in the convenience store.

Article 37.07, section 3(a) specifically allows the introduction of extraneous offenses or prior bad acts into evidence during the punishment phase of a case as long as the court deems such matters relevant to sentencing. *Mitchell*, 931 S.W.2d at 953. There is no indication in the record that the trial court considered the extraneous offenses without determining whether they had been proven beyond a

reasonable doubt. The judge stated only that he would make a decision if there was sufficient evidence. The judge did not say if he had determined whether the extraneous offenses or bad acts were proven beyond a reasonable doubt, or if he considered the extraneous offenses or bad acts in assessing appellant's punishment. Because there is no evidence the trial court considered improper evidence in arriving at appellant's sentence, we overrule appellant's sole issue. *See Williams v. State*, 958 S.W.2d at 845 (finding no error in introduction of extraneous offense testimony when trial court assesses punishment if no indication that the court considered the evidence in assessing punishment).

We affirm the trial court's judgment.

/s/     Ken Wise
         Justice

Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).