ACCEPTED
06-15-00009-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
5/7/2015 4:42:05 PM
DEBBIE AUTREY
CLERK

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

5/8/2015 8:29:00 AM

DEBBIE AUTREY
Clerk

No. 06-15-00009-CR

IN THE SIXTH DISTRICT COURT OF APPEALS
AT TEXARKANA, TEXAS

CHRISTIAN SIBLEY
Appellant,

v.

THE STATE OF TEXAS

Appealed from the County Court At Law One
Gregg County, Texas

BRIEF OF THE APPELLANT

Clement Dunn
State Bar No. 06249300
140 East Tyler, Suite 240
Longview, Texas 75601
Telephone: 903-753-7071
Fax: 903-753-8783

ORAL ARGUMENT WAIVED

# IDENTITY OF PARTIES AND COUNSEL

Appellant certifies that the following is a complete list of all parties to the trial court's judgment and the names and addresses of their trial and appellate counsel.

1.      Appellant:      Christian Sibley

2.      Appellant's Trial Counsel:      Clement Dunn
                                        Attorney at Law
                                        140 E. Tyler Street, Suite 240
                                        Longview, TX 75601
                                        TSB No. 06249300

3.      Appellant's Counsel on Appeal:      Clement Dunn
                                            Attorney at Law
                                            140 E. Tyler Street, Suite 240
                                            Longview, TX 75601
                                            TSB No. 06249300

4.      Attorney for the State:      Reid McCain
                                     Assistant District Attorney, Gregg County
                                     101 East Methvin St., Suite 333
                                     Longview, Texas 75601
                                     TSB No. 24076541

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.................................................................................... i

TABLE OF CONTENTS ........................................................................................................ ii

INDEX OF AUTHORITIES ................................................................................................... iii

STATEMENT OF THE CASE.................................................................................................1

STATEMENT REGARDING ORAL ARGUMENT.................................................................1

ISSUE PRESENTED .............................................................................................................1

STATEMENT OF THE FACTS ..............................................................................................1

SUMMARY OF THE ARGUMENT .......................................................................................2

ARGUMENT .........................................................................................................................2

PRAYER................................................................................................................................5

CERTIFICATE OF SERVICE................................................................................................6

CERTIFICATE OF WORD COUNT ......................................................................................6

# INDEX OF AUTHORITIES

## Cases

*Nance v. State*, 946 S.W. 2d 490, 493 (Tex. App.—Fort Worth 1997, pet. ref'd) ..................4

*Olson v. State*, No. 02-14-00143-CR (Tex. App.—Fort Worth, dec'd April 23, 2015) (unpublished) ..............................................................................................................4

*Williams v. State*, 958 S.W. 2d 844,845 (Tex. App.—Houston (14th Dist.) 1997, pet. ref'd). .4

*Mitchell v. State*, 931 S.W. 2d 950 (Tex. Crim. App. 1996) ...................................................4

*Johnson v. State*, Nos. 14-14-00209-CR, 14-14-00210-CR (Tex. App. –Houston (14th Dist.) dec'd March 10, 2015)(unpublished) ......................................................................................4

*Segundo v. State*, 270 S.W. 3d 79, 87 (Tex. Crim. App. 2008) ...............................................5

*Aldor v. State*, 871 S.W. 2d 726, 738 (Tex. Crim. App. 1994) ...............................................5

*Wilkerson v. State*, 736 S.W. 2d 656, 659 (Tex. Crim. App. 1987) ........................................5

## Constitutional Provisions

Article 37.07, Tex. Crim. Proc. sec. 3(a)(1) ............................................................................3

Article 37.07, Tex. Crim. Proc., section 3(g) ...........................................................................4

## STATEMENT OF THE CASE

Offense:      Escape From Custody

Verdict:      Guilty; three hundred thirty (330) days confinement – County Jail.

Date of Verdict:      October 20, 2014

Trial Court:    County Court At Law One, Gregg County, Texas.

This case involves a prosecution for the offense of Class A misdemeanor Escape. C.R., at 4. The Appellant entered a plea of guilty to the Court. R.R. at 5. This occurred without an agreement between the State and the Appellant regarding punishment; this entailed an "open" plea. Id. At the end of the hearing, the Court imposed a sentence of three-hundred-thirty days in the county jail, a four-hundred dollar fine and costs of court. Id., at 14.

## STATEMENT REGARDING ORAL ARGUMENT

Believing the instant case contains issues capable of resolution on the basis of the record and the brief Appellant respectfully does not request oral argument.

## ISSUE PRESENTED

The Appellant respectfully submits that the Trial Court based its sentence on matters not properly in evidence before the Court and therefore not appropriate as factors in the assessment of sentences.

## STATEMENT OF THE FACTS

At the conclusion of the hearing in the instant case, the Trial Court stated:

THE COURT: The Court can consider the fact

BRIEF OF APPELLANT, CHRISTIAN

that he's had a prior probation that was revoked, and he received a 330-day sentence, I do believe. He has other misdemeanor convictions.

I'm just going to consider the offense report, the pre-sentence report -- which has a history of misdemeanor convictions -- and the Court's own knowledge of Mr. Sibley through the years.

Mr. Sibley, you just like being a criminal. You just do. And you want to be a criminal, so I'm going to treat you like a criminal. You don't want to be rehabbed. You want to be a gang member. You want to be tough.

So I've got a little misdemeanor case -- the maximum is a year -- so there's not a lot I can do to you. But I am going to sentence you to 330 days in the county jail and a $400 fine, plus cost of court. This has not been a plea agreement, so you have the right to appeal it if you want. It's the same sentence you got for your last revocation. I don't know if you're going to ever change your ways or not, but I've got your number.

R.R., at 13-14.

## SUMMARY OF THE ARGUMENT

The Trial Court erred in basing its sentence on matters not in evidence and on assertions that do not properly inform the sentencing decision.

## ARGUMENT

As noted above, the Trial Court stated:

I'm just going to consider the offense report, the pre-sentence reports—which has a history of misdemeanor convictions—and the Court's own knowledge of Mr. Sibley through the years.

R.R., at 13-14. When the Court says it is "going to consider," inter alia, "the Court's own knowledge of Mr. Sibley through the years," the record contains no explanation of what this might encompass. The context of this statement strongly indicates that this amounts to something beyond matters in evidence before the Court—i.e., the afore-mentioned offense

report, pre-sentence report, and criminal history. The Court states this "knowledge" of Mr. Sibley "through the years" as a separate, and distinct, basis for the sentence.

The Court did not articulate what this "knowledge" comprises; "the Court's own knowledge of Mr. Sibley through the years" places this consideration within, as stated, "the Court's own knowledge," not facts in evidence before the Court at the hearings. The record does not reflect that the Court took "judicial notice" of any particular matter at all. To the extent that an inference might arise that the Court judicially noticed its own knowledge, the record fails to reflect the contents of this knowledge being "judicially noticed."

The Court went further:

> Mr. Sibley, you just like being a criminal. You just do. And you want to be a criminal, so I'm going to treat you like a criminal. You don't want to be rehabbed. You want to be a gang member. You want to be tough.

R.R. 14. The Appellant respectfully submits that no record evidence demonstrates that the Appellant "likes" being a criminal, or "wanting" to be one. Similarly, nothing shows the Appellant resistant to efforts at rehabilitation.

Article 37.07, Tex. Crim. Proc., controls the admissibility of evidence at the punishment phase of a trial:

> Sec. 3. Evidence of prior criminal record in all criminal cases after a finding of guilty.
> (a)(1) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

Id., sec. 3(a)(1). Further, Article 37.07, section 3(g) incorporates the notice requirement of Rule 404(b), Tex. R. Evid., and provides that the State must give a defendant reasonable notice of its intent to introduce extraneous-offense evidence at punishment. The statute further provides that notice is reasonable "only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act." Article 37.07, Tex. Crim. Proc., section 3(g). The purpose of the notice requirement is to prevent unfair surprise to the defendant. See: <u>Nance v. State</u>, 946 S.W. 2d 490, 493 (Tex. App.—Fort Worth 1997, pet. ref'd); <u>Olson v. State</u>, No. 02-14-00143-CR (Tex. App.—Fort Worth, dec'd April 23, 2015) (unpublished). When the trial court (instead of a jury) assesses punishment, it may determine that an extraneous offense is relevant to punishment and admit such evidence, but the court may then only consider the extraneous offense in assessing punishment if it finds the offense was proven beyond a reasonable doubt. <u>Williams v. State</u>, 958 S.W. 2d 844,845 (Tex. App.—Houston (14th Dist.) 1997, pet. ref'd); <u>Mitchell v. State</u>, 931 S.W. 2d 950 (Tex. Crim. App. 1996); <u>Johnson v. State</u>, Nos. 14-14-00209-CR, 14-14-00210-CR (Tex. App. –Houston (14th Dist.) dec'd March 10, 2015)(unpublished).

In the instant case, the Court relied on its own knowledge, which amounts to facts not in evidence—and certainly not proven in the courtroom and on the record, and thus subject to potential appellate review. This "evidence," existing outside of the record, could not be subject to the standard, statutorily required, of being proven beyond a reasonable doubt. The Appellant had no notice of what this "knowledge" of the Court entailed; even as the Court stated this as a basis for its sentencing decision, the "knowledge" remained obscure.

BRIEF OF APPELLANT, CHRISTIAN

This "knowledge," however, translated into the Court's stating that the Appellant "liked" being a criminal and a member of a gang, and was averse to any effort to change from these predilections. This becomes tantamount to punishing the Appellant not for the offense for which he was convicted, or even for specific extraneous acts, but for being a criminal generally. This has long been deemed improper by the appellate judiciary in Texas. See, e.g., Segundo v. State, 270 S.W. 3d 79, 87 (Tex. Crim. App. 2008); Aldor v. State, 871 S.W. 2d 726, 738 (Tex. Crim. App. 1994); and Wilkerson v. State, 736 S.W. 2d 656, 659 (Tex. Crim. App. 1987).

**PRAYER**

The Appellant respectfully requests this case be reversed and remanded for a new hearing on punishment.

Respectfully submitted,

__/s/ Clement Dunn_____

140 East Tyler Street, Suite 240

Longview, Texas 75601

(903) 753-7071 Fax: 903-753-8783

State Bar No. 06249300

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this brief was delivered to the Gregg County District Attorney's Office, Longview, Texas on this 7th day of May 2015.

__/s/ Clement Dunn_____

**CERTIFICATE OF WORD COUNT**

I hereby certify that a total of 1746 words are included in this brief.

__/s/ Clement Dunn_____